## GRANT v. UNITED STATES WAR SHIPPING ADMINISTRATION.

### No. 241 of 1945.

District Court, E. D. Pennsylvania.
Dec. 27, 1945.

508

Freedman, Landy & Lorry and Wilfred R. Lorry, all of Philadelphia, Pa., for petitioner.

Krusen, Evans & Shaw and T. E. Byrne, Jr., all of Philadelphia, Pa., for respondent.

KIRKPATRICK, District Judge.

This is an action in admiralty against the United States to recover wages, maintenance and cure, and damages, alleged to be due by reason of injuries sustained in the course of libellant's employment as a member of the crew of the respondent's Steamship "George Chamberlain."

The "George Chamberlain" is owned by the United States through the War Shipping Administration, and was, at the time of the accident, operated for the United States by an agent.

Exceptions to the libel have been taken on the ground that this Court lacks jurisdiction.

It appears from affidavits:

(1) That the libellant is not a resident of this district,

(2) That the "George Chamberlain" was not in the jurisdiction of this Court at the time of the filing of this libel,

(3) That the "George Chamberlain" had called at the port of Philadelphia, which is within the jurisdiction of this Court, shortly before the libel was filed. It is also stated that she will call again at Philadelphia and come within the jurisdiction of this Court during the pendency of the action. None of the facts contained in the affidavits are in dispute.

This Court has jurisdiction of the subject matter of the action. There seems to be no longer any doubt that a suit in personam may be maintained against the United States under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., even though the vessel would not be liable in an action in rem. Both parties agree that Blamberg Bros. v. United States, 260 U.S. 452, 43 S. Ct. 179, 67 L.Ed. 346—a decision not fully understood until clarified by later opinions —does not touch this case. In Blamberg Bros. v. United States the nature of the case was such that, under general law, the action could only have been maintained as an action in rem. The United States was not in possession or control of the vessel at the time the cause of action arose nor was the vessel being operated for it and consequently there was no element of personal fault on which an action in personam could have been predicated. Under such circumstances the Court held that, inasmuch as the vessel was in a foreign port at the time of the commencement of the action, the suit was not maintainable. Where, however, as in the present case, the circumstances of the injury and ownership of the vessel permit either an action in rem or an action in personam against the United States, the latter type of action is, under the Suits in Admiralty Act, cognizable by the courts of the United States.

The question remains whether this suit may be maintained in the Eastern District of Pennsylvania. The Act provides that a suit "shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found."

It seems to me that it is more confusing than helpful to attempt to assimilate the question here presented to principles governing venue in common law actions. A sovereign cannot be sued unless it consents and the Suits in Admiralty Act is a statute giving consent and defining conditions and limitations under which the consent is given. This being so, when the question whether a suit may be maintained in a particular district arises, it can better be decided by reference to what the Suits in Admiralty Act was intended to accomplish than to general considerations relating to venue jurisdiction of courts.

Under the law as it existed prior to the Suits in Admiralty Act, a seaman could proceed in personam against any respondent not found within the district by attaching any property of the respondent found within the district. The Act of September 7, 1916, § 9, 46 U.S.C.A. § 808, made vessels of the United States, while employed as merchant vessels, "subject to all laws, regulations, and liabilities governing merchant vessels, whether the United States be interested therein as owner, in whole or in part," etc. One such liability was subjection of the vessel to arrest on attachment in an in personam action.

It was the purpose of the Suits in Admiralty Act to obviate the inconvenience caused by seizure of United States vessels under judicial process of any kind. Section 1 of the Act provided that no vessel of the United States should be "subject to arrest or seizure by judicial process." The inconvenience was the same whatever the process and the exemption made by Section 1 covered seizure by attachment as well as under a libel in rem.

Having taken away the right of seizure by attachment, it may be assumed that the Act meant to give suitors in the courts of the United States something of a generally equivalent nature in place of it.

Under the general law, if the vessel had been privately owned, the present

action could have been brought in personam and the vessel subjected to process under a writ of attachment at any time it came into port, provided the owner was not found in the district. The vessel did not have to be there when the suit was begun. To provide a substitute for this right seems to have been the purpose of the provision in Section 2 of the Suits in Admiralty Act to the effect that the suit might be brought in the District Court in which the vessel is "found."

The action, therefore, may not be dismissed merely because brought in this district. The question is one of service. The libellant contends that the vessel is "found" in this district, having been here just before the libel was filed and being expected to call again in the near future. This is in line with the suggestion of Judge Hand in Carroll v. United States, 2 Cir., 133 F.2d 690, to the effect that, since the filing of a second libel, when the vessel comes into port, would be a mere matter of form, it might well be dispensed with.

Whether this action may proceed to final decree if (a) the vessel never comes into port or (b) she does come in before the trial and no second service is made at that time, are questions upon which I am not now called upon to pass.

It is, however, implicit in this opinion, that if she does come into the jurisdiction and service is made upon the respondent while she is here, full jurisdiction will have been acquired by this Court.

The motion to dismiss is denied.