Burlingham, Veeder, Clark & Hupper, of New York City, for defendant.

BONDY, District Judge.

The plaintiff is an alien, residing in Hoboken, New Jersey. The defendant is incorporated under the laws of the State of New Jersey. The injuries were sustained and the cause of action arose in Hoboken, New Jersey. It however appears by affidavit that defendant has obtained a certificate authorizing it to do business in this State and has designated an agent, upon whom process against it may be served, in this district. No facts as to inconvenience or otherwise have been presented which would justify the court to decline jurisdiction. See Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; Da Cunha v. Grasselli Chemical Co., D.C., 46 F.Supp. 28. The court still believes that the denial of the motion upon the argument was proper.

## RODINCIUC v. UNITED STATES.
No. 1 of 1945.

District Court, E. D. Pennsylvania.
June 10, 1947.

Freedman, Landy & Lorry, by Abraham E. Freedman, all of Philadelphia, Pa., for libellant.

Krusen, Evans & Shaw, by Thomas E. Byrne, Jr., all of Philadelphia, Pa., for respondent.

GANEY, District Judge.

This action was brought by a seaman under the Suits in Admiralty Act[1] (a) for war risk insurance benefits by virtue of the Merchant Marine Insurance Act of 1940[2] and the Clarification Act[3]; (b) for damages by virtue of the Merchant Marine Act of 1920 (Jones Act),[4] and (c) for maintenance, cure and wages by virtue of the general maritime law.

The claim for insurance benefits is based upon personal injuries alleged to have been sustained by the seaman as the result of enemy action at sea; the claim for damages is based upon (1) an injury sustained by him as the result of the alleged negligent failure of the respondent to furnish him a safe place to work and the unseaworthiness of its vessel, and (2) for the aggravation of the injuries which is alleged to have resulted from improper treat-

---

[1] Act of March 9, 1920, c. 95, Sections 1–12, 41 Stat. 525–528, 46 U.S.C. A. §§ 741–752.

[2] Act of June 29, 1940, c. 447, Title II, Sections 221–229, 54 Stat. 689, as amended, 46 U.S.C.A. §§ 1128–1128h.

[3] Act of March 24, 1943, c. 26, 57 Stat. 45–51, 50 U.S.C.A.Appendix, §§ 1291–1295.

[4] Act of June 5, 1920, c. 250, section 33, 41 Stat. 1007, 46 U.S.C.A. § 688.

ment received by him following the injuries; the claim for maintenance, cure and wages is based upon the alleged failure of the respondent to furnish medical treatment and care during the entire period of his disability.

■ It cannot be doubted that the Government cannot be sued without its consent, and when that consent is given, the Government has the right to prescribe the conditions upon which it may be sued. Therefore the first step to be taken by a suitor in bringing an action against the United States is to look for the statute which has relinquished the Government's immunity from being sued in that particular action. The suitor must (unless the manifest purpose of the statute would otherwise be defeated, McGhee v. United States, 2 Cir., 154 F.2d 101, 105) literally comply with the statutory conditions. A failure of the suitor to so comply is fatal to his cause. Schillinger v. United States, 155 U.S. 163, 15 S.Ct. 85, 39 L.Ed. 108; Defense Supplies Corporation v. United States Lines Co., 2 Cir., 148 F.2d 311.

Section 225 of Title II of the Merchant Marine Act of 1936, as amended, 46 U.S.C.A. § 1128d, provides in part: "In the event of disagreement as to a claim for losses or the amount thereof, on account of insurance under sections 1128-1128h of this title [sections 221-229 of the Act], *an action on the claim may be brought and maintained against the United States in the district court of the United States sitting in admiralty in the district in which the claimant or his agent may reside,* or in case the claimant has no residence in the United States, in a district court in which the Attorney General of the United States shall agree to accept service. *Said suits shall proceed and shall be heard and determined according to the provisions of sections 741–752 of this title insofar as such provisions are not inapplicable and are not contrary to or inconsistent with the provisions of sections 1128–1128h of this title.* * * *" (Emphasis supplied).

Section 2 of the Suits in Admiralty Act, 46 U.S.C.A. § 742, provides in part: "In cases where if such vessel were privately owned or operated, or if such cargo were privately owned and possessed, a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for, a libel in personam may be brought against the United States or against any corporation mentioned in section 741 * * * [section 1 of the Act], as the case may be, * * *. Such suits shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found * * *."

■ Assuming the truth of the allegations of the libel which are the basis of his claim, the libellant, at the time of the commencement of this suit, could have brought an action on the claim for war risk insurance benefits and could have maintained a proceeding in admiralty against the owner of the vessel in question if she were privately owned. Thus the condition that there be a disagreement as to a claim on account of insurance under section 225 of the Merchant Marine Act of 1936, and the condition of the first sentence of section 2 of the Suits in Admiralty Act have been complied with.

The libelant has failed to allege either in his original or amended libel in personam or prove at the trial that he is a non-resident of the United States or that his principal place of business is in the Eastern District of Pennsylvania, the district of this court, or that the respondent's vessel, on which he received his injuries, is within the jurisdiction of this court, let alone the jurisdiction of the United States, or that she will be expected to come within the jurisdiction during the pendency of this action[5]. Therefore in order for the libellant to comply with section 225 and section 2 of the above Acts, he must allege and prove that he is a resident of this district. The libel did allege that the libellant is a resident of the City of Philadelphia, State of Pennsylvania (which is

---

5 See Grant v. United States War Shipping Administration, D.C.E.D.Pa., 65 F.Supp. 507.

within the district of this court). In its original answer to the libel, the respondent admitted this allegation; however, in the respondent's amended answer to the amended libel, this allegation of residence is denied. At the trial, the libellant failed to prove by a fair preponderance of the evidence that at the time the libel was filed, he was a resident of Philadelphia, Pennsylvania, or of any other place within this district. On the contrary, this court finds from the evidence presented before it that the libellant, George Rodinciuc, immediately prior to the filing of the libel in this suit and at all times thereafter, was a resident of the City of Lorain, State of Ohio.

█ It is contended by the libellant that the denial of residence, at most, raised a question of venue and that the respondent, by entering a general appearance and by pleading to the merits, has waived any objection it may have had thereto. Even if the libellant is right in his contention that the denial of his allegation of residence raises a question of venue, the respondent, by entering a general appearance and by defending on the merits, did not waive its objection to the venue. The fact that the libellant did not reside within this district did not appear on the face of the libel, and therefore the respondent was unable to file exceptions to the libel on that ground. The most it could do is deny the allegation of residence and await the proof of such allegation at the trial. See Roberts v. Lewis, 144 U.S. 653, 12 S.Ct. 781, 36 L.Ed. 579; Abbott v. United States, D. C. S.D.N.Y., 61 F.Supp. 989, 991. However this court does not base its decision on this ground.

█ This court is in accord with Sawyer v. United States, D. C. S.D.N.Y., 66 F.Supp. 271, 1946 A.M.C. 420, a case similar to the one before us, in which Judge Kennedy, at page 277 and 428, respectively, concluded: "That a libel under the Suits in Admiralty Act, which contains no averment within the letter of the statute concerning the residence or place of business of the libellant, or the location of the offending vessel, is completely defective, that, if at the trial the libellant does not bring himself within the statutory language concerning the place of suit the court is without jurisdiction, that no government law officer has a right to waive the point and that the court is under a duty to raise it of its own accord." Also see Carroll v. United States et al., 2 Cir., 133 F.2d 690, 692, 693; Barnes v. United States, D. C. S.D.N.Y., 67 F.Supp. 571, 1946 A.M.C. 1473; and Circuit Judge Learned Hand's dissenting opinion in Kunglig Jarnvagsstyrelsen v. United States, 2 Cir., 19 F.2d 761, at page 763.

While the lack of jurisdiction of this court disposes of the case, it may nevertheless be pointed out that compliance was not had with the Clarification Act enacted March 24, 1943, 50 U.S.C.A.Appendix, §§ 1291–1295, Section 1(a) whereof provides that seamen employed on American vessels as employees of the United States through the War Shipping Administration shall, with respect to claims, unless covered by the Social Security Act, 42 U.S.C.A. § 301 et seq., or any law administered by the Public Health Service, have the same first administratively disallowed, in whole or in part, before it can be enforced under the Suits in Admiralty Act. This section further provides: "When used in this subsection the term - 'administratively disallowed' means a denial of a written claim in accordance with rules or regulations prescribed by the Administrator, War Shipping Administration."

On April 22, 1943, the War Shipping Administrator issued General Order 32 wherein were contained certain provisions requisite for the filing of claims with the War Shipping Administration:

"304.23 Court Action, condition precedent No seaman * * * shall commence a court action for the enforcement of such claim, unless such claim has been filed by him or on his behalf * * * as provided in Sections 304.24 and 304.25 and has been administratively disallowed by the person or agency with whom it was filed.

"304.24 Claims, contents The claim need not follow any particular form, but it shall be in writing. It shall contain such partic-

288

ulars as are reasonably necessary as a basis for the allowance or administrative disallowance of such claim and should include, with respect to the seaman in question, his home address, date of birth, place of birth, certificate of identification number, as well as all the facts and circumstances leading up to and surrounding the happening of the event out of which it is alleged the claim arose.

"304.25 Claims, with whom filed Claims based upon any decision of the Maritime War Emergency Board or any insurance policy issued by the War Shipping Administration, * * * shall be filed with the Chief Adjuster, Division of Wartime Insurance, War Shipping, 99 John Street, New York City, or such other agencies or persons as may be designated by the Chief Adjuster for the purpose of determining the allowance or disallowance of such claim. All other claims * * * shall be filed with the General Agent of the vessel with respect to which such claims arose, or such agent's Berth Sub-Agent to which the former may refer the claim for handling.

"304.26 Claims, when presumed administratively disallowed If the person or agency with whom the claim is filed, in accordance with the directions contained herein, fails to notify the claimant in writing of a determination upon such claim, within sixty days following the date of filing thereof, the claim shall be presumed to have been administratively disallowed, and the claimant shall be entitled to enforce his claim by court action."

It is evident from a reading of the Clarification Act that the intent of Congress was to avoid suits by seamen for claims against the United States which arose during the war period, and at the same time to give them the rights and liabilities of seamen employed on privately owned American vessels. Thus as a manifestation of this intent, Congress provided for the bringing of all claims to the War Shipping Administration and only after their disallowance by it in accordance with the rules and regulations herein adverted to could suit be brought. In the instant case, although the libellant gave notice of his claim to the proper authorities, the War Shipping Administration, it did not make a final determination of the claim because as filed it did not contain information reasonably sufficient for them to so do. The required information was continually requested of the libellant and as long as it was withheld, the War Shipping Administration could not allow or administratively disallow the claim. It was the duty of the libellant after having given notice of his claim and a request made for additional information to promptly give to the War Shipping Administration the additional information, and not having done this, and the claim not having been administratively disallowed, he is precluded from bringing this suit. Fox v. Alcoa S. S. Co., 5 Cir., 143 F.2d 667, certiorari denied 323 U.S. 788, 65 S.Ct. 313, 89 L.Ed. 628. See Militano v. United States, 2 Cir., 156 F.2d 599, 601.

The libel is dismissed for want of jurisdiction.