## NUNEZ v. UNITED STATES et al.
### No. 205 of 1946.

United States District Court
E. D. Pennsylvania.

June 22, 1949.

Mace H. Scovell, Philadelphia, Pa., for libellant.

James P. McCormick, Asst. U. S. Atty., Philadelphia, Pa., and T. E. Byrne, Jr., Philadelphia, Pa., for respondents.

McGRANERY, District Judge.

This is an action by a seaman for the value of his clothing, left aboard ship, his wages earned up to the time a vessel sailed without him, and his wages and subsistence during the time that he was ashore before he could ship out again.

Although the general agency agreement was not introduced into evidence, the government's admissions make clear that libellant was an employee of the United States through the War Shipping Administration. As such, his action is governed by the terms of the Clarification Act, 50 U.S. C.A.Appendix, § 1291, which provides that seamen employed on American vessels as employees of the United States through the War Shipping Administration shall, with respect to claims, unless covered by the Social Security Act, 42 U.S.C.A. § 301 et seq., or the Public Health Service, have the same first administratively disallowed, in whole or in part, before it can be enforced under the Suits in Admiralty Act, 46 U.S. C.A. § 745. The statute also provides:

"* * * When used in this subsection the term 'administratively disallowed' means a denial of a written claim in accordance with rules or regulations prescribed by the Administrator, War Shipping Administration. * * *"

The instant case was tried before me on April 13, 1948. Previously, in Rodinciuc v. United States, D.C., 74 F.Supp. 284, Judge Ganey had ruled that failure to prove administrative disallowance deprived the District Court of jurisdiction. The United States had not raised this defense and the Trial Judge had so ruled upon its own motion. A similar situation was present in the instant case, where there is no evidence in the record that libellant made an administrative claim in writing conforming to the rules prescribed by the Administrator, but no such defense was raised by the government. Cf. War Shipping Administration General Order 32, 8 Fed.Reg. 5414.

On May 31, 1949, the Circuit Court of Appeals for the Third Circuit, 175 F.2d 479, affirmed the Rodinciuc decision, holding that failure to prove filing of an administrative claim was a fatal jurisdictional defect which could, and indeed must, be raised by the Trial Judge on his own motion. Accordingly, therefore, on the record in this case, I feel that the libel must be dismissed for want of jurisdiction. An order will be entered in accordance with this opinion.