274

## PREUSSLER v. UNITED STATES.

United States District Court
S. D. New York.

Jan. 25, 1952.

Benjamin B. Sterling, New York City, Betty H. Olchin, New York City, of counsel, for libelant.

Myles J. Lane, U. S. Atty., New York City, Hanrahan & Brennan, New York City, William R. Brennan, Jr., New York City, of counsel, for respondent.

WEINFELD, District Judge.

This libel was instituted against the United States pursuant to the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. for personal injuries suffered by libelant, a member of the crew of a vessel owned and operated by the respondent. Respondent has excepted to the libel upon the ground that venue in the Southern District of New York is improper, and requests that the action be transferred to a proper forum pursuant to 28 U.S.C.A. § 1406(a).[1]

The venue provision of the Suits in Admiralty Act requires that a libel in personam shall be brought either in the district in which the libelant resides or has his principal place of business, or in the district in which the vessel charged with liability is found. 46 U.S.C.A. § 742.

Libelant neither was, nor is, a resident of this district. The vessel on which he sustained his injuries was not within the district when the libel was filed and has not been here during the pendency of this action. The libel contains no allegation that the vessel will be within the district.

The respondent asserts that the ship, as in the past, will continue to operate between Gulf and South Atlantic ports and Europe and the Orient, and is not expected to call within the district in the foreseeable future. The libelant, however, seeks to uphold venue in this district solely on the basis that the operation of the vessel "makes it likely the ship will travel along the Atlantic Seaboard and reach New York" and, accordingly, "the possibility exists that the ship may come within this court's jurisdiction during the pendency of this action."

 It has been held that a venue defect existing at the time of filing the libel is thereafter cured if by the time of trial the vessel has come within the district. Warren v. United States, 2 Cir., 179 F.2d 919 (in rem), reversed on other grounds, 340 U.S. 523, 71 S.Ct. 432, 95 L.Ed. 503, and

1. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Gill v. United States, 2 Cir., 184 F.2d 49 (in personam).

Do these authorities require that the present suit be retained here simply on the basis of a "possibility" that the vessel may come within the territorial jurisdiction of the district at some future time? I think not upon the facts in the instant case. Absent a showing that the district is a regular port of call, the home port, or that otherwise she is likely to come within the district, I am of the opinion that the mere possibility that at some future time the vessel will touch this port is an insufficient ground upon which to retain the action here. Grant v. United States War Shipping Administration, D.C.E.D.Penn., 65 F.Supp. 507, where venue was upheld, relied upon by the libelant, is not to the contrary and is readily distinguishable. There, the vessel had been in the district shortly before the libel had been filed and also was expected to return in the near future.

Upon the facts, it follows that venue in the Southern District of New York is improper. In the interest of justice the action is ordered transferred to the proper district in Florida of which libelant is a resident. 28 U.S.C.A. § 1406; Untersinger v. United States, 2 Cir., 172 F.2d 298; Orr v. United States, 2 Cir., 174 F.2d 577.

Settle order on notice.