Charles T. DOUDS, Regional Director of the Second Region of the National Labor Relations Board, for and on Behalf of the National Labor Relations Board, Appellee,

v.

WOOD, WIRE AND METAL LATHERS INTERNATIONAL ASSOCIATION, AFL–CIO, LOCALS 102, 143, AND 173; Local 65, United Brotherhood of Carpenters and Joiners of America, AFL–CIO.

APPEAL OF LOCAL 65 UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL–CIO.

No. 12108.

United States Court of Appeals
Third Circuit.

Argued April 16, 1957.

Decided June 4, 1957.

Charles J. Tyne, Newark, N. J. (Joseph P. Dunn, Newark, N. J., on the brief), for respondent-appellant, Local 65, United Brotherhood of Carpenters and Joiners of America, AFL-CIO.

Richard H. Markowitz, Philadelphia, Pa. (Louis H. Wilderman, Philadelphia, Pa., on the brief), for Wood, Wire and Metal Lathers International Union, Locals 102, 143, 173, AFL-CIO.

Winthrop A. Johns, Washington, D. C. (Jerome D. Fenton, Gen. Counsel, Stephen Leonard, Associate Gen. Counsel, James F. Foley, Atty., N. L. R. B., Washington, D. C., on the brief), for appellee.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This is an appeal by Local 65 of the United Brotherhood of Carpenters and Joiners of America, hereinafter called the Carpenters, from a temporary injunction restraining that union, pending the disposition of charges filed against it with the National Labor Relations Board, from jurisdictional strikes and related coercive activity designed to compel employers in northern New Jersey to assign certain work to the Carpenters rather than to certain locals of Wood, Wire and Metal Lathers International Association, hereinafter called the Lathers. The injunction was granted by the district court after hearing on a petition for such relief filed by a Regional Director of the National Labor Relations Board pursuant to Section 10(*l*) of the National

Labor Relations Act, as amended, 61 Stat. 149, 29 U.S.C.A. § 160(*l*). Injunctive relief was sought and obtained against both the Carpenters and the Lathers. Only the Carpenters have appealed.

The Carpenters make two contentions. First, they say that the hearing before the district court disclosed no equitable basis for enjoining them. Their second contention is that the entire judicial proceeding against them was improper because the judge who originally considered, but did not finally dispose of, the petition against the Lathers, compelled the Regional Director to seek relief against the Carpenters too.

The first point requires only brief comment. The court below was confronted with a showing of a persistent dispute between the Carpenters and the Lathers in northern New Jersey over the assignment of certain work. Employers had filed charges with the National Labor Relations Board asserting that both unions had engaged and were threatening to engage in coercive activities including jurisdictional strikes in violation of Section 8(b) (4) (D) of the National Labor Relations Act, as amended, 61 Stat. 141–142, 29 U.S.C.A. § 158(b) (4) (D), to compel assignments of the controversial tasks to their members. There was evidence that certain employers, at the insistence of the Carpenters, had taken jobs from the Lathers and given them to the Carpenters, and that the Lathers had responded with coercive activity. The extent to which the Carpenters had used coercion to get the work away from the Lathers was disputed, although there was some indication that strike threats and brief work stoppages had been employed to that end.

■ We think the Regional Director made an adequate showing that whenever either union was assigned tasks of the type in dispute there was real danger that the other would cause jurisdictional strikes and work stoppages. True, for the time being the Carpenters were content, since they had the work. But employers were legally free to reassign tasks to the Lathers, in which event the history of this dispute showed danger of reprisals by the Carpenters. We are satisfied that reasonable cause appeared for restraining both unions pending the Labor Board's adjudication of their dispute and disposition of the charges against them. Cf. Shore v. Building & Construction Trades Council, 3 Cir., 1949, 173 F.2d 678, 8 A.L.R.2d 731; United Brotherhood of Carpenters and Joiners, A.F.L. v. Sperry, 10 Cir., 1948, 170 F.2d 863.

At the same time, we think we should not ignore the disclosure on this appeal of what has happened, or rather has not happened, since the court below restrained the parties to the jurisdictional dispute. The present injunction issued in August, 1956. The underlying charges of Section 8(b) (4) (D) violations had been filed with the Labor Board against both unions in April and May, 1956. Section 10(k) of the Act requires the Board in such cases "to hear and determine the dispute out of which such unfair labor practice shall have arisen, unless, within ten days after notice that such charge has been filed, the parties to such dispute submit to the Board satisfactory evidence that they have adjusted, or agreed upon methods for the voluntary adjustment of, the dispute." 61 Stat. 149, 29 U.S.C.A. § 160(k). This 10(k) hearing was held in July, 1956. Yet, when the present appeal was argued in April, 1957, the Board had not yet acted under Section 10(k).

■ We are sure that there has been reason for this delay. But, we take this occasion to point out that such delay may create a problem of judicial concern. The design of the Act is to achieve expeditious administrative settlement of jurisdictional disputes, with the courts doing no more by way of temporary injunction than protecting the public interest in the orderly and peaceful continuation of industrial activity pending dispositive Board action. See Douds v. International Longshoremen's Ass'n, 2 Cir., 1957, 242 F.2d 808.

■ There is every indication that Congress contemplated speedy disposition of these cases. Even on the face of the Act it appears in Section 10(*l*) that the Regional Director shall give priority to the investigation of charges of violations of Section 8(b) (4) (D). The Board itself is required to act under Section 10(k) unless "within ten days after notice that such charge has been filed", the parties show effective action toward voluntary settlement of the dispute.

A temporary injunction issued under Section 10(*l*), which remains in force several weeks, or even a few months, serves primarily to aid and protect the administrative procedure. But undue delay in administrative action under Section 10(k) may make it seem that judicial restraint and administrative non-action are combining to enforce a judicial rather than an administrative settlement of the dispute, contrary to the manifest intention of Congress. A serious issue may arise before the enjoining court if it is complained that the "temporary" restraint has been so long continued that it is no longer equitable.

We now consider the point most strongly urged on this appeal, the effect of judicial coercion on the propriety of the proceeding against the Carpenters. The record shows that the Regional Director first petitioned the district court under Section 10(*l*) to enjoin the Lathers only. An employer appeared and urged that action be taken against the Carpenters too. Counsel for the Regional Director indicated that under the existing situation, where employers had assigned the disputed work to the Carpenters, the only aggression immediately feared was coercive action by the displaced Lathers. Accordingly, it had been decided administratively to seek an injunction against the Lathers only.

The judge who heard this preliminary matter then indicated from the bench that he would not enjoin the Lathers in the absence of the Carpenters. Beyond that, he formally ordered the Regional Director to make the Carpenters a party and rather plainly indicated his thought that an injunction should be sought against the Carpenters, although he did not make this mandatory.

■ If the Regional Director had elected to challenge this action of the court, a serious question would have been presented to this court. How far may a court properly go in interfering with administrative judgment whether the circumstances require that an injunction be sought under Section 10(*l*) against a party charged with a Section 8(b) (4) (D) violation? But in this case the Regional Director reconsidered his position in the light of the court's order and indicated views. He concluded, as he now advises us, that his original evaluation of the total situation should be revised and, accordingly, amended his petition to seek an injunction against the Carpenters. He says in effect that the court persuaded his judgment rather than overcame his will. His failure to appeal lends credence to what he says, when it is considered that both his original thought and his contrasting present view are positions that reasonable men can well take in appraisal of the requirements of this inter-union dispute.

Beyond this, if the Regional Director in good faith changes his mind and seeks injunctive relief against one so situated as the Carpenters, we think that party is not in position to complain. On the merits there was a case for injunctive relief against the Carpenters. The Regional Director, upon whom Congress has imposed the responsibility of deciding in the public interest whether an injunction shall be sought, has acted in exercise of what now appears to be his best judgment. More than that the accused Union cannot require.

The judgment will be affirmed.