Ivan C. McLEOD, Regional Director of the Second Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,

v.

LOCAL 239, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Respondent.

Civ. No. 20331.

United States District Court
E. D. New York.

April 20, 1960.

Katz & Wolchok, New York City, Charles R. Katz, New York City, of counsel, for respondent.

Samuel M. Kaynard, New York City, for petitioner, National Labor Relations Board Section Region.

Bruno Baratta, Mineola, N. Y., for Stan-Jay Auto Parts and Accessories Corporation.

BARTELS, District Judge.

Motion by respondent to vacate and set aside an order of this Court, entered January 21, 1960, enjoining and restraining respondent from picketing Stan-Jay Auto Parts and Accessories Corporation pending the final determination of the matter by the National Labor Relations Board.

The gravamen of the application is that the Board has not followed its own rules and regulations requiring the expeditious handling of the case in each successive stage. Upon the return date of the motion the Trial Examiner did issue his intermediate report recommending the issuance of a cease and desist order. While the Board's rules and regulations require prompt and expeditious treatment of the complaint and priority in the successive steps following the issuance of an injunction, such treatment and priority refer only to other cases in the Board's office and do not include priority with respect to cases of like character and those arising under the sub-sections of Section 8(b) and under Section 8(e) of the National Labor Relations Act, 29 U.S.C.A. §§ 151 et seq. Under the circumstances the rights of the parties should be preserved for a reasonable time pending final adjudication of the issues by the Board. The Court believes such reasonable time should not be in excess of 50 days from April 17, 1960. Consequently, the Court's order of January 21, 1960, shall be modified to provide that the temporary injunction therein contained shall remain operative for 50 days from April 17, 1960, or until final adjudication of the issues before the Board, whichever is sooner; provided that if for reasons beyond its control the Board is unable to make such final adjudication within said 50 days, then within 10 days before the end of the said 50 day period the petitioner may apply for an extension of the temporary injunction for such further period as may be deemed just under the circumstances.