**Daniel P. DOOLEY, Acting Regional Director of the Fourth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HIGHWAY TRUCKDRIVERS AND HELPERS, LOCAL 107, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Respondent.**

**Civ. A. No. 2157.**

United States District Court
D. Delaware.

Nov. 25, 1960.

As Amended Dec. 20, 1960.

James T. Youngblood, Clifford M. Roth, and George A. Burnstein, Washington, D. C., for National Labor Relations Board.

David B. Coxe, Jr., Wilmington, Del., Richard Markowitz, Philadelphia, Pa., for Local 107.

Daniel A. Lynch, of King & Lynch, New York City, for Safeway Stores, Inc.

STEEL, District Judge.

Defendant has moved to dissolve the temporary injunction of March 7, 1960 issued pursuant to Sec. 10($l$) of the National Labor Relations Act, as amended. In support of its motion defendant contends that (1) the Court erroneously determined that there was reasonable cause to believe that defendant was violating Sec. 8(b) (4) (D) of the Act; (2) the delay of the Board in processing the proceedings before it has resulted in the

temporary injunction having a duration beyond that intended by Congress; and (3) no valid cease and desist order can be entered by the Board in the 8(b) proceeding pending before it and hence an interim injunction should not be permitted to continue.

▮ Nothing that has come to the Court's attention warrants a retraction of its previous determination in Dooley v. Highway Truckdrivers, Local 107, D.C.D.Del.1960, 182 F.Supp. 297 that reasonable cause existed to believe that defendant was violating Sec. 8(b) (4) (D). Subsequent to the Dooley decision the Board came to this same conclusion in this very case in the Sec. 10(k) proceeding. Highway Truckdrivers, Local 107, and Safeway Stores, Inc., 129 N.L.R.B. No. 2 (1960). The fact that this latter decision was by a three-member panel and that one member dissented does not vitiate the decision or deprive it of its substantiating effect. The defendant contends that the Board's decision is at odds with its decisions in International Brotherhood of Elec. Workers, Local 292, and Franklin Broadcasting Co., 126 N.L.R.B. No. 150 (1960) and National Ass'n of Broadcast Employees and Gordon Broadcasting, Inc., 127 N.L.R.B. No. 137 (1960). But decisions by the Board in other cases cannot be accorded the weight of a reasonable cause to believe determination by the Board in the very case in which this Court's injunction was issued. Furthermore, the Franklin case was expressly considered and distinguished by the Board in the instant case.

The chronology of events in this Court and before the Board thus far are as follows:

| | |
|---|---|
| January 5, 1960 | — Charge filed by Safeway. |
| January 9, 1960 | — Obtained temporary restraining order and order to show cause why temporary injunction should not issue. |
| January 11, 1960 | — Issued notice of charge filed and notice of hearing under Section 10 (k). |
| February 2, 1960 | — Hearing on order to show cause conducted and completed. |
| February 19, 1960 | — Proposed finding of fact and conclusions of law submitted. |
| February 24, 1960 | — 10(k) hearing conducted and completed. |
| February 26, 1960 | — Decision of Court on order to show cause handed down granting temporary injunction. |
| March 7, 1960 | — Injunction order signed by Court. |
| March 30, 1960 | — Brief in 10(k) case submitted. |
| September 1, 1960 | — NLRB decided 10(k) case adverse to the Union. |

September 12, 1960 — Union applies to Board for reconsideration and oral argument.

September 16, 1960 — Safeway filed brief in opposition.

September 28, 1960 — Board denies motion for reconsideration.

October 13, 1960 — Motion to dissolve temporary injunction filed.

November 15, 1960 — Last brief (Union's) filed.

November 21, 1960 — Hearing on motion to dissolve temporary injunction.

———◆———

Relying upon Douds v. Wood, Wire & Metal Lathers Int'l Ass'n, 3 Cir., 1957, 245 F.2d 223, the defendant contends that the delays already encountered in the administrative proceedings before the Board may make a further continuation of the injunction result in a judicial rather than an administrative settlement of the dispute contrary to the intention of Congress. The defendant points out that a Sec. 10(b) complaint issued only recently and that before the trial examiner and the Board can hear and determine the controversy, a substantial amount of additional time will necessarily be consumed. This is probably true.[1] But despite the breadth of some of the cautionary language in the Douds case, the Court was there dealing with a situation where nine months after the 10(k) hearing no decision of the Board had been rendered. In the case at bar, only five months elapsed between the date of submission in the Sec. 10(k) proceedings, and the date of the Board's decision. Furthermore, the Act itself contemplates that when a Sec. 8(b) (4) (D) violation has been charged there must be a Sec. 10(k) determination and a failure to comply therewith before a Sec. 8(b) complaint can be filed, and heard and decided by the trial examiner and the Board. Congress must have known this and have recognized that circumstances might exist where in the public interest a Sec. 10($l$) injunction would be warranted even though it extended beyond the "several weeks" or "a few months" mentioned in the Douds case. It is not entirely without significance that even in the Douds case the injunction was not lifted. At the argument, counsel were unable to point to a single instance where, because of administrative delays, the Court vacated a preliminary injunction issued under Sec. 10($l$). This, of course, does not mean that situations may not arise when the administrative delays will have been so extended and unreasonable as to make a continuation of a preliminary injunction inequitable. No such showing, however, has been made thus far in the present case.

Following the Sec. 10(k) hearing, the Board failed to make a determination whether Local 107 on the one hand or Locals 660 and 639 on the other hand were entitled to the work assignment in dispute. N. L. R. B. v. United Ass'n of Journeymen, 3 Cir., 1957, 242 F.2d 722 holds that the Board is required to make such an arbitration type determination of the dispute, and that a fail-

1. The case could, of course, be submitted in the 10(b) proceeding on the 10(k) record.

ure to do so renders nugatory a cease and desist order by the Board in a subsequent 10(b) proceeding. Were the United Ass'n of Journeymen the last word on the subject, the dissolution of the preliminary injunction would be ordered. For, obviously, if no valid cease and desist order can eventually be entered, it would not be just, proper and appropriate to permit the preliminary injunction to continue.

The fact is, however, that in N. L. R. B. v. Local 450, Int'l Union of Operating Eng'rs, 5 Cir., 1960, 275 F.2d 408, the Court reached a decision contrary to United Ass'n of Journeymen. And in N. L. R. B. v. Radio & Television Broadcast Eng'rs Union, Local 1212, 2 Cir., 1959, 272 F.2d 713; 1960, 363 U.S. 802, 80 S.Ct. 1238, 4 L.Ed. 1145, where the Court, reached the same conclusion as did United Ass'n of Journeymen, the Supreme Court has granted certiorari. This Court is advised that the case was argued in the Supreme Court on Nov. 10 and 14. If the Supreme Court should hold, in effect, that the determination of the Board in the case at bar was the type of a Sec. 10(k) adjudication which the law requires, then its action in the Sec. 10(k) proceeding cannot prevent the entry of a valid cease and desist order in connection with the Sec. 8(b) complaint, if the facts otherwise warrant the entry of such an order. To preserve the status quo pending a final adjudication by the Board of the Sec. 8(b) proceeding is the function of a Sec. 10(l) preliminary injunction. That function would be defeated were the injunction to be dissolved when, because of the pendency of the Supreme Court decision, the Board's power to issue a valid cease and desist order is not definitively settled.

For the foregoing reasons the motion of defendant to dissolve the preliminary injunction will be denied.

Let an order in accordance with this opinion be submitted