John C. GETREU, Regional Director of the Ninth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

INTERNATIONAL TYPOGRAPHICAL UNION and Robert Amelin, Its Agent, and Dayton Typographical Union No. 57, International Typographical Union, and J. E. McMillan, Its Agent, Respondents.

Civ. A. No. 4604.

United States District Court
S. D. Ohio, W. D.
May 23, 1962.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Winthrop A. Johns, Asst. General Counsel, Julius G. Serot, D. Asst. General Counsel, Lloyd C. Fraker, Regional Atty. Region 9, and Charles R. Ennes, Charles B. Slaughter and Alvin Lieberman, Washington, D. C., for petitioner.

Robert A. Wilson, Cincinnati, Ohio, and George Kaufmann, Washington, D. C., for respondents.

JOHN W. PECK, District Judge.

Two years ago today this court issued its order granting a temporary injunction restraining the defendants and all in association with them from continuing their picketing of The Greenfield Printing and Publishing Company or pursuing a specified course of conduct relating generally to such picketing. The petitioner had sought such an order under Section 10(*l*) of the National Labor Relations Act, as amended, (29 U.S.C.A. § 141 et seq.) and it was found that there was reasonable cause to believe that respondents had engaged or were engaging in acts and conduct in violation of Section 8(b) (7), subparagraph (C), of said Act.

The order by its terms provided that the injunction should endure "pending the final disposition of the matters involved pending before the National Labor Relations Board," but in spite of the fact that the matter is still pending before the Board, the respondents have moved to dissolve the temporary injunction. It is that motion with which we are presently concerned. In essence, although the petitioner has argued that the respondents based their motion on two grounds, the single ground upon which the moving parties rely is their contention that "keeping the temporary injunctive order in effect longer would be unconscionable and an abuse of discretion."

The other ground that petitioner sees in the motion is thus stated by him: "The Trial Examiner's Intermediate Report is not the Board's final disposition of the matters pending before it." While it is true that the motion alleges that the Trial Examiner found respondents not to be in violation of the Labor Management Relations Act as charged by the petitioner, we read that allegation as auxiliary to the single ground already stated. In any event, except to the extent that it is alleged in the motion and admitted in memorandum and in oral argument by the petitioner, the negative nature of the Trial Examiner's Report is not before this Court and forms no part of the basis of this opinion. In other words, while it is interesting and presumably true that the Trial Examiner found that the respondent unions had not engaged in unfair labor practices, judicial notice is not here taken of his Report.

Referring to the period of time which has passed since the issuance of the injunction, in resisting the motion the petitioner proceeds under the following division caption in his brief: "The delay inherent in the Board's processing of cases was the very reason that Congress provided in Section 10(l) of the Act for injunctions in cases falling within the ambit of certain sections of the Act, including Section 8(b) (7) (C)." Thereunder petitioner argues that in providing for the issuance of such orders as that with which we are here concerned, Congress was aware that the Board's administrative proceedings are "necessarily protracted and time consuming." We have no doubt that Congress possessed such awareness, but nothing has been presented indicating congressional knowledge of or acquiescence in any given period of protraction.

Not content with arguing that two years is not too long a period to permit the extraordinary relief of a temporary injunction to stand, petitioner quotes from the Senate Report on the bill which became the Act (S.Rep.No.105, 80th Cong., 1st Sess., P. 8) to the effect that after the deliberate procedure of the Board has resulted in an order, it is "followed many months later by an enforcing decree of the Circuit Court of Appeals * * *." Thus even if the Board were to rule today (and in oral argument petitioner's counsel stated that he could not predict the day, month or year of the anticipated ruling), petitioner is urging that the temporary injunction must stand for at least the many months contemplated by the Senatorial committee as required to accomplish the next step. However, since even if the motion is denied our order will by its terms terminate at the moment of final Board disposition, we need not concern ourselves with any delays that may develop elsewhere.

We are here faced with an anomalous situation in that administrative procedures, toward which relentless movement has been made to circumvent claimed judicial delays, have already become so cumbersome and unwieldy that the courts, long damned as dilatory, are now called upon to help protract those very administrative proceedings. We see no occasion to become a party to such prolongation.

The fact that prompt disposition by the Board and Circuit Court is difficult was recognized in Douds v. International Longshoremen's Association, Ind. et al., 2 Cir., 242 F.2d 808, wherein the court made reference to "the inevitable and ofttimes prolonged delay incident to the final adjudication of the issues by the Board, and the enforcement by this court of final orders of the Board, should such enforcement become necessary." However, no amplification appears as to what is considered a "prolonged delay" and in any event the case is not controlling in the present situation since the court was there concerned with the fact and not duration of injunction.

The moving parties cite a number of cases in which, apparently to avoid the situation which here exists, the court included a specific period as the life span of the order establishing injunctions of this type. (See Dooley for and on Behalf of N. L. R. B. v. Highway Truck-

drivers and Helpers, Local 107, D.C., 190 F.Supp. 112; McLeod v. Local 239, Intern. Broth. of Teamsters, D.C., 182 F.Supp. 949; Greene v. International Typographical Union, D.C., 182 F.Supp. 788; Alpert v. International Broth. of Electrical Workers, Local No. 90, D.C., 163 F.Supp. 774; and McLeod v. New York Mailers Union No. 6, April 1962; D.C.S.D. of N.Y., 205 F.Supp. 479). Petitioner argues, accurately, that these cases are without present application, and points out that of the hundreds of cases in which injunctions have been issued pursuant to the section of the Act with which we are here concerned only these few have been discovered which contain a time limitation. We add that included within those hundreds are two cases recently presented to this court in which orders identical to that in the present case were issued. In each we made statements from the bench to the effect that the order would stand until the Board acted or until a reasonable time passed, whichever was shorter. (Getreu v. Dayton Electrotypers' Union No. 114, D.C. S.D. of Ohio, No. 2701 (1962); Getreu v. Cincinnati Electrotypers' Union No. 31, D.C.S.D. of Ohio, No. 4959 (1962)).

■ ■ Returning to the language of the present order, which of course has been lifted from the Act, it is again observed that the relief was granted "pending the final adjudication of the Board * * * ", but even the petitioner agrees that the order could not be construed to continue ad infinitum in the event the Board never acts. A lack of limitation, be it by court order, statute, contract or otherwise, has always been construed as contemplating existence only during a reasonable time. (E. g., Bach v. Friden Calculating Mach. Co., 6 Cir., 155 F.2d 361; California Casualty Indemnity Exchange v. U. S., D.C., 74 F.Supp. 404; Rest. Contracts, § 40; 2 C.J.S. Agency § 68, p. 1149; 15 C.J.S. Compromise and Settlement § 45, p. 768; 17 C.J.S. Contracts § 503, p. 1063). We read the present order to provide that it shall survive "pending the final disposition of the matters involved pending before the National Labor Relations Board or the passage of an unreasonable period of time, whichever shall occur first."

It is our conclusion that in the absence of a showing of unusual circumstances, a period of two years constitutes an unreasonable period for the continuation of the present order, and the motion of the respondents to dissolve the temporary injunction heretofore described will be granted.