**UNITED STATES of America, Plaintiff,**

v.

**E. S. VAIL, Defendant.**

**Crim. A. No. 10861.**

United States District Court
S. D. Ohio, W. D.

Jan. 19, 1966.

---

824

Charles G. Heyd, Asst. U. S. Atty., Cincinnati, Ohio, for plaintiff.

J. Vincent Aug, Cincinnati, Ohio, for defendant.

JOHN W. PECK, District Judge.

This cause is presently before the Court on defendant's second motion to dismiss the indictment and all the counts thereof on the ground that it fails to charge an offense against the United States. The basis of the prior motion, which was overruled, was that the indictment failed to state the law which imposed the duty upon defendant to file quarterly gasoline excise tax returns.

The United States subsequently filed a Bill of Particulars in which it stated that the duty to file is imposed by "Regulations 44 (1944 Edition) 26 C.F.R. Part 314 as read in conjunction with Treasury Decisions 6025 and 6091." At the time the 1954 Internal Revenue Code was enacted, 26 U.S.C. 7807(a) made the existing regulations applicable to the new code. Treasury Decision 6025 was issued in 1953, and prescribed the forms to be filed and that they should be filed quarterly. Treasury Decision 6091, entitled

"Interim Provision for Administration of Title" and "Stopgap Regulations," was issued by the Treasury Department in August, 1954. The Bill of Particulars further states that " * * * such duty to file is presently applicable by virtue of Treasury Decision 6091."

Treasury Decision 6091 provides in pertinent part:

"Paragraph 1. All regulations (including all Treasury Decisions) prescribed by, or under authority duly delegated by, the Secretary of the Treasury, or jointly by the Secretary and the Commissioner of Internal Revenue, or by the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury, or jointly by the Commissioner of Internal Revenue and the Commissioner of Customs or the Commissioner of Narcotics with the approval of the Secretary of the Treasury, applicable under any provision of law in effect on the date of enactment of the Code, to the extent such provision of law is repealed by the Code, are hereby prescribed under and made applicable to the provisions of the Code corresponding to the provision of law so repealed insofar as any such regulation is not inconsistent with the Code. Such regulations shall become effective as regulations under the various provisions of the Code as of the dates the corresponding provisions of law are repealed by the Code, until superseded by regulations issued under the Code."

\* \* \* \* \* \*

"*Because this Treasury Decision merely provides for the continuance of existing rules pending further action,* it is hereby found that it is impracticable and contrary to the public interest to incur the delay which would result if this Treasury Decision were issued with notice and public procedure thereon under section 4(a) of the Administrative Procedure Act, approved June 11, 1946, or subject to the effective date limitation of section 4(c) of said act." (Emphasis supplied.)

It is the contention of the defendant that the United States cannot be permitted to avoid the rule making procedures of the Administrative Procedure Act, prescribed by 5 U.S.C. § 1003, by issuing temporary regulations which are permitted to remain in force indefinitely. It is further contended that failure to promulgate new regulations has invalidated the force and effect of Treasury Decision 6091 and that it thus cannot support the indictment herein.

It is established by the Bill of Particulars, and it is here determined, that the duty to file gasoline excise tax returns for the breach of which defendant stands indicted arises by virtue of Treasury Decision 6091. It is also determined that that regulation is merely of an interim or "stopgap" nature, designed to perform the temporary function of easing the transition from the 1939 to the 1954 Internal Revenue Codes.

It cannot seriously be contended that the Treasury Department has not had sufficient time since the adoption of the 1954 Code[*] to adopt and promulgate new regulations in this area. No opinion is expressed as to their sufficiency to establish civil liability, but to permit these "Stopgap Regulations" to stand unreplaced and to form the basis of an indictment for conduct occurring 8 years later, is to permit the Department to subvert and ignore the rule making [*] and notice provisions of the Administrative Procedure Act.

It is thus concluded that the regulation, Treasury Decision 6091, which forms the basis of the indictment herein has not been validly adopted and that it therefore cannot form the basis of a criminal prosecution.

In accordance with the foregoing,

It is ordered that Defendant's Second Motion to Dismiss the Indictment should be and it is hereby sustained and the indictment is hereby dismissed.

[*] For a generally analogous determination see Getreu, Regional Director, for and on Behalf of NLRB v. International Typographical Union, et al., 205 F.Supp. 931 (S.D.Ohio 1962).