430 F.2d 317
 Ralph E. KENNEDY, Regional Director of Region 21 of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, the Los Angeles Herald-Examiner, Division of the Hearst Corporation, the San Francisco Examiner, Division of the Hearst Corporation, Plaintiffs-Appellants,
v.
SAN FRANCISCO-OAKLAND NEWSPAPER GUILD et al., Defendants-Appellees.
 No. 25655.
 No. 25656.
 United States Court of Appeals, Ninth Circuit.
 July 28, 1970.
 Judgment Vacated October 12, 1970.
 
 See 91 S.Ct. 12.
 Charles G. Bakaly, Jr. (argued), of O'Melveny & Myers for 25655, Los Angeles, Cal., Milo V. Price, Atty. (argued), of N.L.R.B., Los Angeles, Cal., for 25656.
 Marcel Mallett-Prevost, N.L.R.B., Washington, D. C., McEnerney & Jacobs, San Francisco, Cal., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Julius G. Serot, Asst. Gen. Counsels, Daniel J. Harrington, Regional Atty. of N.L.R.B., Los Angeles, Cal., for appellants.
 Stephen Reinhardt (argued), George E. Bodle, Daniel Fogel, Lester G. Ostrov of Bodle, Fogel, Julber & Reinhardt, Herbert M. Ansell, of Ansell & Ansell, Leo Geffner, of Geffner & Satzman, Eugene Miller, of Brundage, Neyhart, Miller, Ross & Reich, Los Angeles, Cal., Duane B. Beeson, of Neyhart, Brodin & Beeson, Irwin Leff, of Rosenthal & Leff, R. Barry Churton, of Cooper, White & Cooper, San Francisco, Cal., for appellees.
 Before MERRILL and TRASK, Circuit Judges, and FERGUSON, District Judge.*
 MERRILL, Circuit Judge:
 
 
 1
 This appeal is taken from an order of April 6, 1970, dissolving a temporary injunction which had been issued February 8, 1968, on the petition of appellant Regional Director of the National Labor Relations Board[1] pursuant to § 10(l) of the National Labor Relations Act, 29 U.S.C. § 160(l). The question presented is whether dissolving of the injunction constituted an abuse of discretion by the District Court.
 
 
 2
 These proceedings arose out of a labor dispute between appellees and the Los Angeles Herald-Examiner, a division of Hearst Corporation, which publishes a daily newspaper in Los Angeles. On January 5, 1968, appellees began picketing and circulating handbills in support of that dispute in San Francisco. They sought to obtain a work stoppage at the San Francisco plants and business premises of the San Francisco Examiner (another division of Hearst Corporation, which publishes a daily newspaper in San Francisco), the Chronicle Publishing Company (an independent corporation, which also publishes a daily newspaper in San Francisco), and the San Francisco Newspaper Printing Company (an independent corporation which performs printing and other services for both the Examiner and the Chronicle).
 
 
 3
 The three San Francisco concerns and the Los Angeles Herald-Examiner filed charges with the Board asserting that appellees' San Francisco activities constituted an unfair labor practice in violation of 29 U.S.C. § 158(b) (4) (B).[2] Appellant Regional Director then petitioned the District Court pursuant to § 160(l)[3] for injunctive relief pending Board determination of the charges, and a temporary injunction was issued. In effect it enjoined further picketing and circulation of handbills at the premises of the three San Francisco concerns "pending the final disposition of the matters involved pending before the N.L.R. B."
 
 
 4
 The charges before the Board were referred to a trial examiner and in March, 1968, he made his report and recommendations to the Board. He concluded that activities directed against the Chronicle and the Printing Company violated § 158(b) (4) (B), but that the activities directed against the Examiner were not violations since the Examiner, like the Los Angeles Herald-Examiner, was a division of Hearst Corporation. The matter was transferred to the Board, objections and briefs were filed and the matter stood submitted by the end of April, 1969. No decision has yet been rendered by the Board.
 
 
 5
 On January 27, 1969, in a similar proceeding apparently involving identical factual and legal issues,[4] a decision diametrically opposed to that respecting the San Francisco Examiner was rendered by a trial examiner in Baltimore, Maryland. This matter also is pending before the Board, and was consolidated with the San Francisco proceeding at the request of appellees herein.
 
 
 6
 On February 24, 1970, appellees moved to dissolve the preliminary injunction, contending that it had remained in existence for an unreasonable period of time. Hearings were held and on April 6, 1970, the District Court ordered dissolution of the temporary injunction. The order was stayed pending appeal in so far as it concerned the Chronicle and the Printing Company. On April 14, 1970, this court stayed the order in its entirety pending appeal.
 
 
 7
 Under § 160(l) the District Court has discretion "to grant such injunctive relief or temporary restraining order as it deems just and proper * * *." Delay in Board action has been held to constitute a valid consideration in the exercise of court discretion, Douds v. Wood, Wire and Metal Lathers Intern. Ass'n, 245 F.2d 223, 226 (3d Cir. 1957); United Brotherhood of Carpenters, etc. v. Sperry, 170 F.2d 863, 869 (10th Cir. 1948), and limitation of the injunction to what is prospectively regarded as a reasonable period of time has been held proper, Getreu for and on Behalf of N.L.R.B. v. International Typographical Union, 205 F.Supp. 931 (S.D.Ohio 1962), even though it is clear that there is no specific time limitation on an injunction granted under § 160(l).[5]
 
 
 8
 Appellant (and charging parties as amici curiae) insist, however, that passage of what is regarded as an unreasonable period of time in the administrative process is not a proper consideration in the exercise of judicial discretion and is no justification for termination of a temporary injunction designed to remain effective until Board determination has been had. They rely in part on NLRB v. J. H. Rutter-Rex Mfg. Co., 396 U.S. 258, 90 S.Ct. 417, 24 L.Ed.2d 405 (1969).[6]
 
 
 9
 In that case the Board, after considerable delay, ordered back pay for certain individuals as remedy for an unfair labor practice. The Court of Appeals, because of what is considered "inordinate" delay, prejudicial to the employer, modified the Board's order by providing an earlier cut-off date for back pay. The Supreme Court reversed, holding that the Court of Appeals had "exceeded the narrow scope of review provided for the Board's remedial orders." 396 U.S. at 266, 90 S.Ct. at 421. It recognized that delay in the administrative process was "deplorable," 396 U.S. at 265, 90 S.Ct. 417, but rejected the shifting of the cost of that delay "from the wrongdoing company to the innocent employees," contrary to the Board's discretionary order. 396 U.S. at 264, 90 S.Ct. at 420.
 
 
 10
 But the discretion we are reviewing here is not that of the Board but that exercised by the District Court. The District Court was not reviewing a Board or the exercise of Board discretion, and was not attempting to discipline the Board or the charging parties by lessening the force of the Board's proposed remedy. While it is clear that the District Court hoped to spur the Board to faster action by its order, its responsibility under the Act was to ascertain whether continuation of interlocutory restraint under the circumstances was just and proper.
 
 
 11
 In our view where the conduct enjoined appears to be a clear violation of § 158(b) (4), delay on the part of the Board in saying so does not, in itself, justify resumption of the offending conduct or offset the public interest in halting it pendente lite. Such is the case here in so far as the Chronicle and the Printing Company are concerned.
 
 
 12
 Regarding the San Francisco Examiner, however, it is questionable whether the activities of appellees constituted an unfair labor practice given the presence before the Board of two diametrically opposed trial examiner rulings on the issue. And the uncertainty itself is attributable in part to the fact that the activities in question directly affect the owner of the enterprise engaged in the underlying labor dispute; Hearst Corporation undoubtedly is supporting the Los Angeles Herald-Examiner with all its resources. The injunction thus serves to disarm one antagonist while shielding the other, pending the uncertain outcome of the unfair labor practice dispute.
 
 
 13
 We cannot say that under these circumstances delay in Board action is not a proper consideration in the exercise of discretion. What the District Court in effect has held is that on balance sufficient deference (by way of injunction) has now been given to the asserted public interest, considering the uncertainty and corresponding doubt as to where that interest lies; that attention should now focus on the interests of the labor disputants and that those antagonists should now be left free to do economic battle without the uneven inhibition which judicially imposed restraint in this case necessarily entails. In so far as concerns the San Francisco Examiner we find no abuse of discretion in the court's order.
 
 
 14
 We do not, however, regard administrative delay as justification for terminating the injunction in its application to the Chronicle or the Printing Company. The District Court apparently was of the same view, but the protection it afforded those enterprises was limited to a stay pending this appeal. Our views thus require a modification of the court's order to limit its application to the Examiner.
 
 
 15
 Finally, with respect to the public interest, we feel that the particular circumstances of this case warrant some deference to the problems faced by the Board. During a substantial part of the time since the matter was transferred to the Board the Board has been operating one short of its usual five-member strength. The complex issue presented is one on which the four members, like the two trial examiners, may well have been evenly divided. We take judicial notice of the fact that the vacancy has recently been filled and the newly appointed member has been named chairman. In an exercise of our own discretion under 28 U.S.C. § 1292(a) (1) and 29 U.S.C. § 110 we conclude that the public interest warrants a modest deferral of the effective date of the District Court's order.
 
 
 16
 The order of the District Court dissolving the temporary injunction is modified to exclude from its application that portion of the injunction relating to activities by appellees directed against the Chronicle Publishing Company and the San Francisco Newspaper Printing Company. The order is affirmed with respect to the San Francisco Examiner, but our mandate affirming shall be stayed for a period of sixty days from the date this opinion is filed.
 
 
 
 Notes:
 
 
 *
 Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 The charging parties filed a brief and participated in oral argument as amici curiae
 
 
 [2]
 "It shall be an unfair labor practice for a labor organization or its agents —
 * * * * *
 (4) (i) to engage in, or to induce or encourage any individual * * * to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is —
 * * * * *
 (B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor organization as the representative of his employees unless such labor organization has been certified as the representative of such employees under the provisions of § 159 of this title * * *."
 
 
 [3]
 "Whenever it is charged that any person has engaged in an unfair labor practice within the meaning of [§ 158(b) (4) (B)] * * *, the preliminary investigation of such charge shall be made forthwith and given priority over all other cases except cases of like character in the office where it is filed or to which it is referred. If, after such investigation, the officer or regional attorney to whom the matter may be referred has reasonable cause to believe such charge is true and that a complaint should issue, he shall, on behalf of the Board, petition any United States district court * * * for appropriate injunctive relief pending the final adjudication of the Board with respect to such matter. Upon the filing of any such petition the district court shall have jurisdiction to grant such injunctive relief or temporary restraining order as it deems just and proper, notwithstanding any other provisions of law. * * *"
 
 
 [4]
 Except in so far as the San Francisco Chronicle and San Francisco Newspaper Printing Company were involved in the present dispute
 
 
 [5]
 NLRB v. Katz, 369 U.S. 736, 748 n. 16, 82 S.Ct. 1107, 8 L.Ed.2d 230 (1962). See NLRB v. C & C Plywood Corporation, 413 F.2d 112, 116 (9th Cir. 1969); NLRB v. Staub Cleaners, Inc., 418 F.2d 1086, 1089 (2d Cir. 1969)
 
 
 [6]
 We disagree also with appellant's contention that because a major purpose of the law is to permit maintenance of the status quo pending decision by the Board, Congress meant to preclude any and all consideration of time by the District Court. Rather, the very broad discretion vested in the District Court suggests an intent that the court consider all relevant factors in granting "just and proper" relief