### BARNES v. UNITED STATES et al.

District Court, S. D. New York.

Aug. 1, 1946.

William L. Standard, of New York City, for libellant.

John F. X. McGohey, U. S. Atty., and Burlingham, Veeder, Clark & Hupper, all of New York City, for respondents.

RIFKIND, District Judge.

Respondent, United States of America, excepts to the libel on the ground that the court is without jurisdiction since libellant is not a resident of this district and the ship on which the deceased seaman was injured was not in this jurisdiction at the time the libel was filed. The libel is brought under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq.

At the outset, libellant raises the point that the respondent is in default in the service of its answer and that by reason thereof the court may not consider its exceptions. It is unnecessary to pass upon the question whether, no judgment having been entered on the default, such consequences flow therefrom. If the claimed defect is want of jurisdiction rather than merely impropriety of venue, the point is not well taken since the court must of its own motion take note of want of jurisdiction. The point is not well taken, however, in any event because there has been no default. Section 2 of the Suits in Admiralty Act, 46 U.S.C.A. § 742, provides: " * * * The libelant shall forthwith serve a copy of his libel on the United States attorney for such district [where suit is brought] and mail a copy thereof by registered mail to the Attorney General of the United States. *. * *"

According to the sworn affidavits on file two copies of the libel were served on March 1, 1946, at 45 Broadway, New York City, "upon John J. Fanning, United States Attorney, by delivering to and leaving personally with the office of said Mr. Fanning" said copies. Two copies were also served on the Attorney General by registered mail on March 5, 1946. No notice of appearance or answer has been filed. Rule 13 of the Admiralty Rules of this Court requires that "the notice of appearance shall be filed within two weeks after the completion of the prescribed service of the libel, and the answer within four weeks after the completion of said service or within such further time as may be allowed." No extension of time in this instance has been requested or granted. Exceptions to the libel were served on May 8, 1946.

When the government relinquishes immunity from suit, as it has under the Suits in Admiralty Act, the libellant is required to comply strictly with the statutory conditions.

Schillinger v. United States, 1894, 155 U.S. 163, 166, 15 S.Ct. 85, 39 L.Ed. 108. Libellant is required to serve "the U. S. Attorney for such district". Leaving a copy of the libel "with the office of John J. Fanning" at 45 Broadway, New York City, is not sufficient. The court takes judicial notice that John J. Fanning is not the U. S. Attorney for the Southern District of New York. Since service was not made in strict compliance with the provisions of the statute the libellant may not claim a default.

Section 2 of the Suits in Admiralty Act, 46 U.S.C.A. § 742, provides: "Such suits shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found."

The libel does not disclose whether libellant resides or has a principal place of business in this district or whether the ship in question was in this district at the time of the filing of the libel. Libellant in his brief states, however, "We will concede for the purpose of the argument, that the libellant is not a resident of this jurisdiction and that the steamship at the time of the filing of the libel was at Constable Hook, Bayonne, New Jersey".

The cases are not quite clear as to whether the requirement of Section 2 of the Act limits jurisdiction or merely venue. McGhee v. United States, 2 Cir., 1946, 154 F.2d 101, 104; Sawyer v. United States, D.C.S.D.N.Y., 66 F.Supp. 271, 1946, A.M.C. 420, 421; Carroll v. United States, 2 Cir., 1943, 133 F.2d 690, 693.

Libellant relies on the McGhee case, supra. I fail to see how that case can help him. In that case the libellant was a resident of Scotland. The ship was sunk and consequently could not have been in any district at the time the libel was filed. The District Court held that Section 2 of the Act was a venue statute and that the impropriety of venue was waived by the respondent's general appearance and litigation on the merits. In the Circuit Court two of the judges withheld judgment as to whether the statute related to jurisdiction or venue. The Circuit Court held that Section 1291(a) of Title 50 U.S.C.A. Appendix, which extended a right of suit to alien seamen must be read as providing for venue in any district, as otherwise the Congressional promise would be an empty one in any case where the ship was lost. The court, by judicial construction, departed from the literal venue provision of § 1291(a). It did not construe § 742 of Title 46 with which we are here concerned.

The claim is not made that § 1291(a) governs this libel.

 It follows that the exceptions must be sustained as to the United States and the libel dismissed; and by reason thereof, in view of Section 2 of the Suits in Admiralty Act, the libel must likewise be dismissed as against the War Shipping Administration.