CALFORNIA CASUALTY INDEMNITY EXCHANGE et al. v. UNITED STATES et al.

No. 4850.

District Court, S. D. California, Central Division.

Oct. 8, 1947.

See also, D.C., 74 F.Supp. 410.

Oliver & Corfman and Forrest A. Betts, all of Los Angeles, Cal., for complainants and libelants.

James M. Carter, U. S. Atty., Robert E. Wright, Asst. U. S. Atty., and Lillick, Geary & McHose, all of Los Angeles, Cal., for respondent, United States.

Jennings & Belcher, of Los Angeles, Cal., for respondent Union Oil Co. of California.

HALL, District Judge.

This is one of a group of ten cases wherein the California Casualty Company, as subrogee insurance carrier of Fellows & Stewart, as a party libelant seeks to enforce third party liability (33 U.S.C.A. § 933) against the United States and Union Oil Company, under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., and the Public Vessels Act, 46 U.S.C.A. § 781 et seq.

One Barney Trapp, an employee of Fellows & Stewart, was killed October 21, 1944, under the circumstances set forth in the memorandum in case No. 5876, D.C., 74 F.Supp. 401, and not here repeated. The maximum death award was made under the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq., to his widow, Lillian Trapp, and his minor daughter, Jean Ann Trapp, who were his dependents and heirs. The libelant seeks to recover not only the amount of the award, but an additional sum as damages for such death.

The widow and minor daughter were joined as parties libelant, but on May 27, 1947, upon motion of the respondent, the libel was dismissed as to them, on the

ground that they were not proper parties libelant, by virtue of the control of such litigation vested in the employer and its subrogee under 33 U.S.C.A. § 933. Moore v. Hechinger, 75 U.S.App.D.C. 391, 127 F. 2d 746.

The motion to dismiss on the ground that the libel was not served "forthwith" upon the United States Attorney for this District, nor "forthwith" mailed to the Attorney General, both as required by 46 U.S. C.A. § 742, has since been briefed and that question is now ready for decision.

A chronology of this suit is necessary.

The injury and subsequent death occurred, as noted, October 21, 1944; the maximum award for death was made December 14, 1944; by the allegations of the libel, the award was accepted by all parties and is being paid; on October 19, 1945, within one year from the date of the accident causing death, the libel was filed and summons issued thereon; on the same day the summons was delivered to the United States Marshal, but no instructions were given to him for service; on March 21, 1946, the summons was returned to the clerk by the Marshal, with the note thereon "Returned unexecuted—no instructions received—March 21st, 1946."; on October 28, 1946, upon request of counsel for libelants, an alias summons was issued; no date appears as to when the alias summons was delivered to the Marshal, but three returns of service were made by him showing service on the United States Attorney on December 13, 1946; on the Attorney General by registered mail on December 13, 1946; and on the Union Oil Company by personal service on December 16, 1946.

Thus while the original libel was filed within one year, and is not subject to the objections raised in case Number 5876, service was not had upon the United States Attorney, or the Attorney General until the expiration of more than one year (14 months, less 5 days) after the libel was filed, and more than two years after the accident.

The question is whether or not such service is in compliance with the "forthwith" requirements of 46 U.S.C.A. § 742. This provision of the suits in Admiralty Act does not appear from the reported cases to have been heretofore passed on judicially.

Certain applicable principles are, however, well settled: The United States may not be sued without its consent; such consent must be given by an Act of Congress; when such consent has been thus given the conditions of suit set forth in the Act must be complied with, even though they be purely formal; and such act must be strictly construed in favor of the United States. Hudson Trading v. United States, 3 Cir., 28 F.2d 744, and the cases cited therein; United States v. Clyde-Mallory Lines, 5 Cir., 127 F.2d 569, affirmed 317 U. S. 395, 63 S.Ct. 294, 87 L.Ed. 355.

Judge Ganey of the Eastern District of Pennsylvania in Rodinciuc v. United States, D.C., 74 F.Supp., 284, states:

" * * * the first step to be taken by a suitor in bringing an action against the United States is to look for the Statute which has relinquished the Government's immunity from being sued in that particular action. The suitor must * * * literally comply with the statutory conditions. A failure of the suitor to so comply is fatal to his cause."

By the Suits in Admiralty Act and the Public Vessels Act the United States consented to be sued for its maritime torts and laid down certain conditions in connection with such suits, one of which conditions is the "forthwith" service required by Sec. 742 of Title 46 U.S.C.A.

Whether or not certain acts were done "forthwith", has been considered judicially on numerous occasions, principally in connection with insurance and other contracts. It would serve no purpose to review or cite the cases examined in that connection, as in none of them was there an elapsing period even approaching the expired time in this case between filing the libel and its service. In most of them the elapsed period was a matter of days. A requirement to "forthwith" rebuild a building after a fire, for instance, contemplates a different period of elapsed time than a "forthwith" requirement to mail a letter. Two cases were found involving a "forthwith" service requirement of a statute. They both involved a Virginia

Statute requiring the Director of Motor Vehicles, as statutory agent for receiving service of process to "forthwith" mail the same to a defendant. In Reynolds v. Dorrance, 4 Cir., 94 F.2d 184, 186, the director mailed the process the day after its receipt to the wrong address of the defendant, which was supplied by the plaintiff's counsel. Upon its return by the Postoffice, as undelivered, the director notified the plaintiff's counsel, who in a few days supplied another address, to which the director sent the process on the same day he received the new and correct address. The total time elapsed between the filing and the final service was 25 days, which the court held was compliance, in view of the diligence of the director, to make compliance with the statute. The court saying that "forthwith" means "due diligence, under all the circumstances." The other case involving the same statute is Devier v. George Cole, D.C.W.D.Va., 27 F.Supp. 978, where the court held that process received in the office of the director on Saturday and mailed the following Tuesday was within the "forthwith" requirement of the Statute.

In Dickerman v. Northern Trust Co., 176 U.S. 181, at page 193, 20 S.Ct. 311, at page 315, 44 L.Ed. 423, the Court said in construing a mortgage:

"But 'forthwith' is defined by Bouvier as indicating that 'as soon as by reasonable exertion, confined to the object, it may be accomplished. This is the import of the term; it varies, of course, with every particular case.' In matters of practice and pleading it is usually construed, and sometimes defined by rule of court, as within twenty-four hours."

Whether the 24 hour period, as suggested in Dickerman v. Northern Trust, supra, for compliance is applicable in this matter of pleading and practice, while not unreasonable, need not be considered in view of the very great lapse of time which did occur between filing and service.

■ Statutes, judgments, orders and contracts requiring an act to be done in a certain number of days contemplate an allowance of a certain personal convenience to perform the act, so long as it is done within the period. A "forthwith" requirement on the other hand does not contemplate any such convenience.

■ The word has a peremptory connotation, even more so than the word "immediately." It is thus used in writs of habeas corpus, mandamus, injunctions and the like. The "forthwith" subpoena frequently used during a trial, is a familiar process to every lawyer, and certainly does not contemplate a delay in response to it of 12 to 14 months, or even days; but on the contrary is commonly understood by the bench and bar to mean that the subpoena should be obeyed without delay, using every reasonable exertion to make compliance. And I think that is the meaning of the word "forthwith", as used in the Suits in Admiralty Act, 46 U.S.C.A. § 742.

The libelants here made no exertion whatever to comply with the statute. While the summons was issued and delivered to the Marshal on October 19, 1944, the day the libel was filed, it lay in his office without instructions for service from libelants' counsel for six months. When returned unexecuted to the Clerk, on March 21, 1946, it lay there for seven more months, until October 28, 1946, before the libelants bestirred themselves to secure an alias summons. And as the respondents note in their brief, it was a matter of no inconvenience to have complied with the statute as the Marshal's office, the office of the United States Attorney, and the Postoffice, are all in the same building as the Clerk's office, where the libel was filed, and within a few blocks of the office of libelants' counsel.

■ The motion to dismiss as to the respondent United States, is granted in this and its companion cases, Numbers 4851, 4852 and 4853, on the ground that service of the libel was not made "forthwith", as required in the Suits in Admiralty Act.

No such requirement for "forthwith" service in an admiralty suit is found in any statute or rule as to a private respondent, such as the Union Oil Company in the instant case. But the doctrine of laches does apply in admiralty. Under that doctrine, suits such as the instant one, must be filed within one year against a private party.

408

I have so held in a memorandum filed this day in case, D.C., 74 F.Supp. 401, D.C., 74 F.Supp. 410, D.C., 74 F.Supp. 411, all arising out of the same accident, but filed more than one year after the accident, and will not here repeat the authorities there cited. Whether that doctrine would require the dismissal as to defendant Union Oil Company because of the delayed service of process has not been discussed by counsel in their briefs or on argument. They are entitled to do so. Accordingly, the matter will be restored to the calendar for argument on October 20, and each of the parties will have their briefs filed on that question by October 15, 1947.