**CALIFORNIA CASUALTY INDEMNITY EXCHANGE et al. v. UNITED STATES et al.**

No. 5876.

District Court, S. D. California, Central Division.

Oct. 8, 1947.

402

See also D.C., 74 F.Supp. 404.

Oliver & Corfman and Forrest A. Betts, all of Los Angeles, Cal., for complainants and libelants.

James M. Carter, U. S. Atty., Robert E. Wright, Asst. U. S. Atty., and Lillick,

Geary & McHose, all of Los Angeles, Cal., for the United States.

Jennings & Belcher, of Los Angeles, Cal., for respondent Union Oil Co. of California.

HALL, District Judge.

The alleged facts and circumstances connected with this litigation are these: On October 21, 1944, one Jack Stettner and others were engaged in work on a vessel in the yard of Fellows & Stewart at Los Angeles Harbor; the S. S. Fredricksburg, in possession and control of the United States, was docked at the pier of the Union Oil Company, across the channel from the yard of Fellows & Stewart; the Union Oil Company was engaged in a transfer of oil to or from the S. S. Fredricksburg; in connection with that operation, oil escaped upon the surface of the channel, spread to the yard of Fellows & Stewart, and caught fire; as a result of the fire, Stettner was injured (among others), and as a result of the injuries, died the same day; on June 8, 1945, an award for the maximum allowable for death under the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq., was made to said Nellie F. Stettner, the widow of said Jack Stettner; by the award Fellows & Stewart, and Trojan Welding Contractors were held to be the employers of said Jack Stettner; the award was "accepted," 33 U.S.C.A. 933(b), by the awardee and is being paid by the employers insurance carriers.

California Casualty Indemnity Exchange, as subrogee insurance carrier (33 U.S.C.A. § 933(i) (of Fellows & Stewart, Inc., and Travelers Insurance Company as subrogee insurance carrier of Trojan Welding Contractors, bring this amended libel in admiralty to recover the amount of award against them and their insured.

The libelants seek to enforce third party liability (33 U.S.C.A. § 933) against the United States and the Union Oil Company, under the Suits in Admiralty Act, 46 U.S. C.A. § 741 et seq., and the Public Vessels Act, 46 U.S.C.A. § 781 et seq., which liability is alleged to exist because of the oil fire mentioned above. The amount sought by the amended libel is the maximum death award for which the employer and its insurance carrier is liable.

The contention is made on the part of the defendants in support of their motion to dismiss that under the doctrine of laches the suits were not timely filed. It is noted that they were filed within two years, but more than one year after the dates of the injuries or deaths. It is contended that, while there is no statute of limitations in admiralty, nevertheless the admiralty courts apply analogous statutes of limitations of the State of the forum; that the State of the forum being California, the California Statute of Limitations (Calif.C.C.P. § 340, sub. 3) requires that any suit "for injury to or for the death of one caused by the wrongful act or neglect of another" be brought within one year.

In answer to this contention of the defendants the libelants assert that the case was timely filed for several reasons: (1) That the Suits in Admiralty Act, 46 U.S. C.A. § 742, and Public Vessels Act, 46 U.S. C.A. § 782, provided a two year Statute of Limitations; (2) that the Longshoremen's Act creates the liability of defendants, and hence the applicable Statute of Limitations is Section 338(1) of the California Code of Civil Procedure which permits suits within three years for liability created by Statute; (it is further contended that Sec. 133, California Harbors and Navigation Code, which makes it a misdemeanor to discharge oil upon or into navigable waters, also creates a statutory liability, but this contention is obviously not well grounded for the reason that the liability there created is criminal, and the liability here sought to be enforced is not criminal); (3) that libelants seek, not recovery for personal injuries or death, but damage to property, viz., money liability to the awardee, and hence the suit would be within the three year period permitted for action arising out of injury to property by Sec. 338(3), California Code of Civil Procedure; (4) that in any event an "exceptional circumstance" exists which would make the suits timely, viz., that the award here is one of several arising out of injuries or deaths in the same fire and that promptly after the awards were made,

libelant California Casualty filed suits in this court seeking to review and set aside the award in this and four other cases, and that while waiting for decision therein, the one year period expired, and that in fact those reviews have not been decided yet.

■ In view of Western Fuel Co. v. Garcia, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210, and Taylor v. Navigazione Libera Triestina, 9 Cir., 95 F.2d 907, and Westfall Larson & Co. et al. v. Allman-Hubble Tug Boat Co., 9 Cir., 73 F.2d 200, it must be regarded as settled that the one year limitation on actions for injury or death provided by the California Statutes controls in the instant admiralty suit, unless there are "exceptional circumstances."

That the two year limitations in the Suits in Admiralty Act, 46 U.S.C.A. § 742 and Public Vessels Act, 46 U.S.C.A. § 782, does not control is settled by the above mentioned cases and by Mejia et al. v. United States, 5 Cir., 152 F.2d 686.

■ The right of recoupment on the ground of third party liability is not a right *created* in the libelants by Statute as in the California Compensation Act. California Labor Code Sec. 3852; Morris v. Standard Oil, 200 Cal. 210, 252 P. 605. The difference lies in the fact that the rights of the employer and its insurance carrier under the Longshoremen's Act result solely by an assignment of the original rights of the injured person, which original rights are not created by the Statute. The act of the injured person, or representatives of decedent in seeking and accepting compensation under the Longshoremen's Act operates as an assignment of those rights and creates no new right of action in the employer as is done in the California Law. The assignee has and can have no greater right than the assignor. Webster v. Clodfelter, 76 U.S.App.D.C. 171, 130 F.2d 434.

■ For the same reason, what the plaintiffs seek here is not a damage to property, but a damage resulting in death to the injured party, and the libelants' rights are limited by assignment to the rights originally vested in the injured party, or as in this case, the survivor of the man who died from injury.

■ The libelants' assertion that the failure of the District Court to have decided the suit filed to review and set aside the award against the libelants in this case, and in four other cases, is an "exceptional circumstance," is not well taken. If any credence were given to this contention, it would be possible for a party in an action in this type of case to wait until the last day of the expiration of any period of the applicable Statute of Limitations, then to file an injunction suit or petition for review which could be kept in the courts, both nisi prius and Appellate, by appeals and otherwise for several years before any final decision, thus extending the Statute of Limitations indefinitely. But more persuasive to the conclusion that the occurrence relied upon is not an "exceptional circumstance" is the fact that libelants filed four suits Numbers 4850, 4851, 4852 and 4853 after the suits to review were filed, arising out of the same accident, seeking recovery on third party liabilities *within* one year of the date of injury or death, whereas, the instant suit and five others were filed just within two years, but beyond one year.

It is concluded, therefore, that the instant suit having not been filed within one year, it must be and is hereby ordered dismissed.