**MARICH v. UNITED STATES et al.**

**No. 25024 H.**

United States District Court
N. D. California, S. D.

April 14, 1949.

831

Melvin M. Belli, San Francisco, Cal., Lou Ashe, San Francisco, Cal., for libelant.

Frank J. Hennessy, U. S. Attorney, San Francisco, Cal., John H. Black & Edward R. Kay, San Francisco, Cal., for respondent.

LEMMON, District Judge.

This libel in personam was filed in this court on August 25, 1947. The United States is made a party defendant under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. It alleges that the injury, the basis of the suit, was sustained by plaintiff while a seaman on board the S.S. Justa Arasemena. It avers that the injury was caused by negligence of the respondents.

Respondent United States of America moves to dismiss the libel on the ground that a copy of the libel was not served upon the United States Attorney until December 8, 1948 and was not mailed to the Attorney General until about the same date. The affidavit in support of the motion states that an Assistant United States Attorney advised the libelant's proctors as early as January 7, 1948, that copies of the libel had not been served upon either the United States Attorney or upon the Attorney General of the United States. Libelant, in his memorandum of authorities in opposition to the motion, states that the Attorney General advised libelant's proctors by letter that a copy of the libel was received by the Attorney General on December 13, 1948.

Libelant resists the motion and states that the libelant's claim was served on the United States of America on September 19, 1946; that written claim was on that date filed with the War Shipping Association Coastwise (Far-East Lines). (The status of the Coastwise Lines in the litiga-

tion does not appear). The libelant further points out that the libel could not have been filed until sixty days after the claim was filed; that respondent United States of America was afforded sufficient time to investigate; that the word "forthwith" in the statute hereinafter mentioned does not apply to service upon the Attorney General; and that the respondent is estopped, citing in support Farrell v. Placer County, 23 Cal.2d 624, 145 P.2d 570, 153 A.L.R. 323.

The statute under which the notice is required to be served and mailed reads as follows: " * * * The libelant shall forthwith serve a copy of this libel on the United States attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States, and shall file a sworn return of such service and mailing. * * *" 46 U.S.C.A. § 742.

■ There is no estoppel here. Assuming the dubious that the Farrell case is authority that an estoppel can be evoked against the United States of America, there has been no act or representation by the respondent calculated to mislead the libelant and libelant has not relief upon any act or statement of an agent of this respondent. The elements of estoppel are therefore completely lacking. The situation here is in no wise comparable to that found in the Farrell case.

When the obligation to serve the Attorney General is read with the context it seems to be quite clear that "forthwith" applies to service upon both of the officials. There would be no reason for the requirement of mailing the copy of the libel to the Attorney General unless it was for the purpose of affording the Attorney General an opportunity to promptly take all appropriate steps to protect the United States in the proceeding. Copy mailed or served more than a year after the filing of the libel might often defeat that purpose.

■ It requires no citation of authority for the proposition that statutes waiving sovereign immunity are to be strictly construed. The right to immunity is a common law right. It exists until it has been surrendered or limited by statute. Since

832

the consent to be sued may be withheld entirely, the grant of the right may be made subject to such conditions and limitations as may appear to the sovereign to be desirable. Such statutes are not to be given a construction which defeats their aim and purpose. The requirement such as that here under consideration is one for the protection of the United States and must be construed in the light of that purpose. The wording of the statute must be given effect.

It is quite evident that the requirement that these two officers be promptly served with copies of the libel in the manner provided is for the purpose of affording them seasonable opportunity to gather all pertinent information from any government department which might have relevant reports or data and from employees and other witnesses who may possess pertinent facts in order that the United States may be amply protected. The restrictions and conditions in the statute are a part of the substantive right to sue and maintain the suit and must be strictly followed. Unless libelant has complied substantially with them he has no standing in this action. There are many claims with conceivable merit which might be filed but which are never filed. There are many others which are made but not prosecuted. And the files of most every court show a substantial percentage of adversary proceedings which are never prosecuted to trial. A more plausible claim of estoppel appears against libelant than against respondent. Libelant's inaction following the filing of the libel would indicate an abandonment rather than an intention to prosecute the action. In any event there is a reason for the service requirement. A libel not served "forthwith" does not come within the permission to sue granted by Congress.

It cannot be contended that copies served upon these officials more than a year after the libel was filed were served "forthwith". And the argument that because certain agents or officials of the government were aware of libelant's claim at and continually since the filing of the libel dispenses with compliance with the service requirements is also untenable.

There is here no need for a discussion of the meaning of the word "forthwith". It ordinarily connotes the doing of the act within a reasonable time. Under any accepted or applied definition of the term it may be not said that either of the two services here was performed forthwith.

The views herein expressed are generally in accord with those of Judge Hall found in California Casualty Indemnity Exchange v. United States, D.C., 74 F.Supp. 404.

Motion to dismiss is granted.