## GLOVER v. UNITED STATES.

United States District Court
S. D. New York.

Oct. 2, 1952.

Philip F. Di Costanzo, Brooklyn, N. Y., proctor for libelant. Ray Camarda, Brooklyn, of counsel.

Myles J. Lane, U. S. Atty., New York City, proctor for respondent, by McNutt & Nash, Eli Ellis, New York City, of counsel.

RYAN, District Judge.

Respondent moves to dismiss this action brought under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., on the ground that libelant failed to comply with the service requirements of that statute.

This section requires that "libelant shall forthwith serve a copy of his libel on the United States attorney for such district (the district in which the libel is brought) and mail a copy thereof by registered mail to the Attorney General of the United States * * *." 46 U.S.C.A. § 742.

Libelant's proctor in this suit, brought in this district, mistakenly mailed a copy of the libel to the United States Attorney for the Eastern District of New York, instead of to the Attorney General. This error was not rectified until the respondent had filed this motion—ten months later.

In a suit such as this where respondent has waived its sovereign immunity, the formal requirements of the statute must be strictly complied with. Marich v. United States, D. C., 84 F.Supp. 829.

Libelant's failure to "forthwith" serve a copy of the libel on the Attorney General requires us to grant respondent's motion. California Casualty Indemnity Exchange v. United States, D. C., 74 F. Supp. 404.

Motion granted.