James **BATTAGLIA**, Libelant-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 330, Docket 27443.

United States Court of Appeals Second Circuit.

Argued May 1, 1962.

Decided June 4, 1962.

Frank Serri, Brooklyn, N. Y. (Vincent J. Lumia, Brooklyn, N. Y., on the brief), for libelant-appellant.

Jerome I. Levinson, Attorney, Department of Justice, Washington, D. C. (William H. Orrick, Jr., Asst. Atty. Gen., John G. Laughlin, Attorney, Department of Justice, Washington, D. C., Robert M. Morgenthau, U. S. Atty. for Southern District of New York, on the brief), for respondent-appellee.

Before WATERMAN, MOORE and FRIENDLY, Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

Libelant-appellant appeals from an order granting the respondent-appellee's (the Government) summary judgment motion pursuant to Rule 58(b), Rules of Practice in Admiralty and Maritime Cases, 28 U.S.C.A., dismissing the libel on the grounds that libelant failed to effect service of process on the United States in that he failed to serve a copy of the libel on the Attorney General of the United States and file an affidavit of service as required by 46 U.S.C.A. §§ 742 and 782.

The libel alleged in substance that on October 15, 1959, libelant, while working as a stevedore aboard the U.S.N.S. Francis X. McGraw, owned and operated by the Government, was injured as a result of negligence and unseaworthiness.

Section 745, 46 U.S.C.A., provides for a two-year statute of limitations. On June 8, 1961, and within the statutory period, the libel was filed in the Southern District of New York and on the same day a copy was served on the United States Attorney for the District, thus complying with the requirement of Section 742 that the "libelant shall forthwith serve a copy of his libel on the United States attorney for such district." He failed at that time to "mail a copy thereof by registered mail to the Attorney General of the United States" and to file an affidavit of "service and mailing." The section then provides that "Such service and mailing shall constitute valid service on the United States * * *."

On October 25, 1961, the Government made its motion claiming defective service. The next day, October 26, 1961, libelant attempted to remedy the defect by mailing a copy of the libel to the Attorney General, and on November 2, 1961, filed an affidavit of service and mailing.

Libelant argues that the action was timely commenced by the filing of the libel and that prompt service on the United States Attorney satisfied what he calls "the primary, but indefinite procedural requirement" of sections 742 and 782. He regards the mailing to the Attorney General as a "minor, secondary item" which is "an ancient historical exhibit—interesting, but no longer needed today." The double requirement of service and mailing he characterizes as "obviously a superfluous formula." There-

fore, he would force the Government, when it complains of failure to mail, to prove some prejudice thereby. Libelant also would gain support for his position from the fact that Congress did not repeat "forthwith" before "mail" in section 742 and did not define "forthwith" in terms of months or any specified period. Thus, he asks "what practical difference did it make to the interests of the United States that there was a delay of a little over 4 months in mailing a copy to the Attorney General?"

The libel here was filed well within the two-year statutory period so that the suit was not time-barred by the statute of limitations. "The institution of a suit in admiralty is marked by the filing of the libel." United Nations Relief and Rehabilitation Administration v. The Mormacmail, D.C., 99 F.Supp. 552, 554. See, also, as to libels, petitions and complaints, Bates Mfg. Co. v. United States, 303 U.S. 567, 58 S.Ct. 694, 82 L. Ed. 1020 (1938); Hoffman v. Halden, 9 Cir., 268 F.2d 280, 281; Ore S.S. Corp. v. Hassell, 2 Cir., 1943, 137 F.2d 326; Huffmaster v. United States, D.C., 186 F. Supp. 120; Fugle v. United States, D.C., 157 F.Supp. 81; In re Isbrandtsen Co. v. United States, D.C., 146 F.Supp. 516. Filing of the libel having been made within the statutory period and "forthwith" service having been made on the United States Attorney, the only question before us is whether the failure to mail a copy of the libel to the Attorney General for a period of over four and one-half months, regardless of whether such mailing was within or beyond the statutory period, prevented the court from obtaining jurisdiction over the United States. Compare Bates Mfg. Co. v. United States, supra.

"Suits against the United States can be maintained only by permission, in the manner prescribed and subject to the restrictions imposed. Reid v. United States, 211 U.S. 529, 538 [29 S.Ct. 171, 53 L.Ed. 313]." (Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 423, 82 L.Ed. 633 (1938).) Decisions, therefore, which might apply between ordinary litigants are not controlling where a suit against the United States is involved. There can be little doubt of the power of the sovereign to declare the manner in which it may be haled into court. Grammarians may debate whether the adverb "forthwith" modifies only the adjacent "serve" and not the subsequent verb "mail"; or because "serve" and "mail" are connected by the conjunctive "and" the adverb modifies both. From a practical point of view, the latter conclusion is more logical. First the section itself is revealing. "The libelant * * * shall file a sworn return of such service and mailing." It would scarcely be likely that "such" service, namely, "forthwith," would be linked to any mailing no matter how dilatory. The next sentence supplies a further clue in its declaration that "Such service and mailing shall constitute valid service on the United States." If, as libelant argues, service on the United States Attorney is the only primary requisite, the coupling of the words "such" and "mailing" is virtually read out of the statute.

Libelant's argument that notice to the United States Attorney should be adequate notice to the United States is not realistic. His conception of a United States Attorney "in his office snowbound" eventually using his "horse and buggy" to carry notice of the libel to the Attorney General may be somewhat altered by a more modern communication system but it ignores the function of the Attorney General's Office. The Attorney General is responsible for handling the nation-wide litigation against the Government. For convenience of litigants, actual personal service may be made in the appropriate district, thus avoiding the necessity of traveling from North Dakota (for example) to Washington, or engaging local Washington counsel, to make service. It is, nevertheless, equally important, if not more important, for the Attorney General to receive almost simultaneous notice. In final analysis, the ultimate final responsibility for the handling of cases, both as to pleading and trial tactics as well as possible settlements, is vested in the

Attorney General. The local United States Attorneys are his deputies who possess such authority as he chooses to bestow upon them. See discussion of statutory responsibilities of the Attorney General in Judge Hincks's concurring opinion in Messenger v. United States, 2 Cir., 1956, 231 F.2d 328, 332. This practical situation combined with the wording of section 742 impel the conclusion that "forthwith" applies both to service and mailing.

In City of New York v. McAllister Brothers, Inc., 2 Cir., 1960, 278 F.2d 708, this court held that service upon the United States Attorney and the Attorney General more than two months after filing was not service "forthwith" and affirmed a dismissal of the impleading petition against the United States. In McAllister, the service and mailing were made within the two-year limitation period. The court specifically rejected the argument that service could be made at any time within the statutory period.

As to libelant's argument that mailing is an historic relic of the past, this court has said "that the mailing to the Attorney General could not 'be dispensed with as purely formal.'" (Messenger v. United States, supra). See also Glover v. United States, 109 F.Supp. 701 (S.D. N.Y.); Marich v. United States, 84 F. Supp. 829, 832 (N.D.Calif.); California Cas. Indem. Exchange v. United States, 74 F.Supp. 404 (S.D.Cal.); Barnes v. United States, 67 F.Supp. 571 (S.D.N. Y.).

Libelant suggests that McAllister should be overruled. The problem is more basic than refusing to follow McAllister, Messenger and the other cases cited. Section 742 was enacted for a purpose. If Congress in the future decides that the Attorney General no longer needs to be notified by forthwith mailing, section 742 may be amended.

 Finally, the Government's delay in answering or in calling libelant's failure to mail promptly to his attention is not material because "The District Attorney had no power to waive conditions or limitations imposed by statute in respect of suits against the United States" (Munro v. United States, supra, 303 U.S. p. 41, 58 S.Ct. p. 424).

Affirmed.

FRIENDLY, Circuit Judge (concurring).

Judge MOORE'S opinion is wholly convincing that there is no basis for believing the "forthwith" requirement of 46 U.S.C.A. § 742 to be any less applicable to the mailing of a copy of the libel to the Attorney General than to the service of a copy upon the United States Attorney. Hence, if, as the opinion assumes, every failure by a libelant to comply with a procedural step outlined in the Suits in Admiralty Act, 41 Stat. 525 (1920), is "jurisdictional," but only if so, its Draconian conclusion inexorably follows.

I cannot believe Congress meant anything of the kind; I should have supposed that, once Congress gave the basic consent to sue the United States, as it did in the first sentence of § 2 of the Suits in Admiralty Act, 46 U.S.C.A. § 742, it was content to have the courts decide the effect of various procedural lapses in the same manner as "if such vessel were privately owned or operated." The Act was "a comprehensive waiver by the United States" whereby "the government, in entering the shipping world as a participant, simply assumes a normal role in the antecedent pattern." Gilmore and Black, Admiralty (1957), pp. 773–774.

Nothing to the contrary was decided by this court in Osbourne v. United States, 164 F.2d 767 (2 Cir., 1947), which held only that the "built-in" two-year statute of limitations, 46 U.S.C.A. § 745, should be applied in the same way as were similar provisions in statutes relating to suits against private defendants. Indeed, even Schnell v. United States, 166 F.2d 479, 482 (2 Cir.), cert. denied, 334 U.S. 833, 68 S.Ct. 1346, 92 L.Ed. 1760 (1948), a decision which Judge Frank, the author of the Osbourne opinion, characterized in dissent as resting "on the sheerest formality," 166 F.2d at 484, did not speak in jurisdictional terms but sought to show the possibility of

prejudice to the United States. However, the majority opinion in Messenger v. United States, 231 F.2d 328 (2 Cir., 1956), arising under the Tort Claims Act, 28 U.S.C. §§ 1346, 2401, 2671 et seq. and F.R.Civ.Proc. 4(d) (4), 28 U.S.C., proceeds on "jurisdictional" lines, and City of New York v. McAllister Brothers, Inc., 278 F.2d 708, 710 (2 Cir., 1960), reaches a result explicable only on that basis, a basis altogether natural in view of the "jurisdictional" characterization of the statute of limitations in the Suits in Admiralty Act, 46 U.S.C.A. § 745, in recent *in banc* opinions, American-Foreign SS. Corp. v. United States, 265 F.2d 136, 149 (dissenting opinion of Judge Clark) (2 Cir., 1958), vacated, 363 U.S. 685, 80 S.Ct. 1336, 4 L.Ed.2d 1491 (1960); 291 F.2d 598, 603–604 (2 Cir.), cert. denied, 368 U.S. 895, 82 S.Ct. 171, 7 L.Ed.2d 92 (1961), but see 291 F.2d at 616. The body of authority thus accumulated in this circuit is too heavy for a panel to overcome, and I perceive no indication of dissatisfaction with the course of decision by my brothers sufficient to warrant requesting consideration *in banc*, see Mr. Justice Frankfurter's opinion in Western Pacific Railroad case, Western Pacific R. R. Corp. v. Western Pacific R. R. Co., 345 U.S. 247, 270, 73 S.Ct. 656, 97 L.Ed. 986 (1953). I therefore reluctantly concur.