**George F. BARRIE, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 78–1906.

United States Court of Appeals,
Ninth Circuit.

March 12, 1980.

John A. Martin, Wilmington, Cal., for plaintiff-appellant.

Norman J. Ronneberg, Jr., Dept. of Justice, Admiralty & Shipping Sect., San Francisco, Cal., for defendant-appellee.

Before TRASK and FLETCHER, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM.

George F. Barrie, a merchant seaman, filed an action against the Government under the Public Vessels Act, 46 U.S.C. §§ 781–790. He alleges that as a result of the negligence and the unseaworthiness of the United States Naval Ship SEALIFT PACIFIC, on which he served from June 3, 1975, to August 15, 1975, he contracted spinal meningitis and other illnesses.

Barrie filed an administrative claim with the Department of Commerce, Maritime Administration, on December 7, 1976. When the Maritime Administration failed to act, he filed this action on July 12, 1977. Barrie delayed serving a copy on the local United States Attorney until September 12, 1977, and on the Attorney General until September 14, 1977.

The district court dismissed the action because the complaint had not been served "forthwith" as required by the Act.

The Public Vessels Act, which provides for the waiver of sovereign immunity, incorporates the Suits in Admiralty Act. Section 742, Title 46 U.S.C., requires the claimant to forthwith serve a copy of his complaint on the United States Attorney for the district in which the action is filed and to mail a copy by registered mail to the Attorney General of the United States.

In *Owens v. United States*, 541 F.2d 1386 (9th Cir. 1976), *cert. denied*, 430 U.S. 945, 97 S.Ct. 1580, 51 L.Ed.2d 792 (1977), we

---

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

held that "service effected 58 days after the filing of the complaint was not forthwith service under § 742," and that when "delay extends beyond the period of limitations, it is proper for the district court to dismiss the action on the motion of the Government." *Id.* at 1388.

Here, Barrie's service on the United States Attorney and the Attorney General was 62 and 64 days, respectively, after filing and 27 and 29 days after the statute of limitations had expired.

Barrie attempts to distinguish *Owens* on the ground that he substantially complied with the Act when he filed a claim with the Department of Commerce. The U.S.N.S. SEALIFT PACIFIC is a naval ship and any administrative claim should have been filed with the United States Navy rather than the Department of Commerce.

Service on the United States Attorney and the Attorney General is required to permit them to take all appropriate steps to protect the United States. *Marich v. United States*, 84 F.Supp. 829, 832 (N.D.Cal. 1949). There was no evidence that they were told of the filing of the claim with the Maritime Administration. The imputation of knowledge of one government agency to another is impermissible. *Philadelphia Electric Co. v. Curtis Bay Towing Co.*, 260 F.Supp. 505, 515 (E.D.Pa.1966), *aff'd*, 390 F.2d 125 (3rd Cir. 1968).

The district court properly dismissed the action.

AFFIRMED.