**Joe T. PHILLIPS, Individually and as Owner and Master of the F/V Lady Christie, Plaintiff,**

v.

**The UNITED STATES ARMY CORPS OF ENGINEERS, An Agency of the United States of America, Defendant.**

Civ. A. No. S85–0569(R).

United States District Court, S.D. Mississippi, S.D.

Feb. 17, 1986.

Hugh D. Keating, William H. Pettey, Jr., Dukes, Dukes & Keating, Gulfport, Miss., for plaintiff.

Peter Barrett, Asst. U.S. Atty., Biloxi, Miss., Mee Lon Lam, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

DAN M. RUSSELL, Jr., District Judge.

This cause is presently before this Court upon the defendant, United States Army

Corps of Engineers' motion to dismiss and the plaintiff, Joe T. Phillips' motion to amend the complaint. This action arises out of an accident which occurred on June 29, 1983 while the plaintiff, owner and master of the F/V Lady Christie, was navigating in rough seas in the Mississippi Sound. The plaintiff alleges that while the F/V Lady Christie was proceeding in a northerly direction approaching the Gulfport Commercial Small Craft Harbor she, without warning, ran over a mound of spoil material designated by the United States Army Corps of Engineers as D/A No. 1 causing severe and serious damage and injury to the F/V Lady Christie and the plaintiff.

The plaintiff brought suit May 3, 1985. The plaintiff served by certified mail the United States Attorney and the Attorney General of the United States on May 11, 1985 and May 13, 1985, respectively. On June 10, 1985, Mee Lon Lam, Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, wrote plaintiff's counsel informing him that the Suits in Admiralty Act (SAA), 46 U.S.C. §§ 741–752, as amended, set forth the appropriate manner in which to bring an action against the United States and reminded plaintiff's counsel that the statute of limitations was to expire on June 29, 1985. The plaintiff subsequently served the United States Attorney in Jackson, Mississippi via in-hand personal service of the original complaint on June 24, 1985, and the United States Attorney's office in Biloxi, Mississippi was served in-hand on June 27, 1985.

The government has moved to dismiss suit against it contending that (1) the SAA governs this suit; (2) because the plaintiff failed to effect "forthwith" service of process under the SAA, the court lacks jurisdiction over the case; and (3) the U.S. Army Corps of Engineers is not a suable entity under the SAA. The plaintiff opposes the government's motion asserting that forthwith service of process has been accomplished within the statute of limitations and plaintiff requests that its complaint be amended to name the United States of America as defendant.

The service of process problems herein arise out of Section 2 of the SAA. Section 2 provides in pertinent part as follows:

> The libelant shall *forthwith* serve a copy of his libel on the United States Attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States, and shall file a sworn return of such service and mailing. Such service and mailing shall constitute valid service on the United States....

46 U.S.C. § 742 (emphasis added). The defendant contends that because more than 50 days elapsed from the time plaintiff's complaint was filed on May 3, 1985 to the time the United States Attorney was personally served on June 24, 1985, that service was not forthwith and as a result this Court lacks subject matter jurisdiction.

The defendant relies upon a line of cases in the Second and Ninth Circuits stemming from the Second Circuit's decisions in *City of New York v. McAllister Brothers, Inc.,* 278 F.2d 708 (2nd Cir.1960) and *Battaglia v. United States,* 303 F.2d 683 (2nd Cir.), *cert. dismissed,* 371 U.S. 907, 83 S.Ct. 210, 9 L.Ed.2d 168 (1962). In both *McAllister* and *Battaglia* the Second Circuit affirmed the district court's dismissal of the action for lack of subject matter jurisdiction because of the libelant's failure to comply with the forthwith service requirements of § 742. In *McAllister,* a delay of more than two months between filing of the complaint and service was held not to be forthwith. *McAllister, supra,* 278 F.2d at 710. In *Battaglia,* there was a four and one-half month delay in service upon the Attorney General which the court concluded had prevented their exercise of jurisdiction. *Battaglia, supra,* 303 F.2d at 685. The Second Circuit reasoning combines Congress' decision to waive the federal government's sovereign immunity in certain admiralty suits with their belief that Congress intended that the stated requirements for service of process be strictly complied with in order for the waiver of sovereign immunity to be effective. The Second and Ninth Circuits

have consistently followed this reasoning. *See Pezzola v. United States*, 618 F.Supp. 544 (D.C.N.Y.1985) (plaintiff never served Attorney General of United States by mail; suit dismissed); *Watts v. Pinckney*, 752 F.2d 406 (5th Cir.1985) (amended complaint filed thirty-three months after cause of action arose and was not properly served upon the United States Attorney and Attorney General of the United States; dismissal affirmed);[1] *Amella v. United States*, 732 F.2d 711 (9th Cir.1984) (plaintiff mailed copy of complaint to United States Attorney but did not personally serve him until 63 days later; dismissal affirmed); *Gajewski v. United States*, 540 F.Supp. 381 (S.D. N.Y.1982) (delay in service of process of eighteen days held to be reasonable and forthwith; *Kenyon v. United States*, 676 F.2d 1229 (9th Cir.1981) (service after 60 days after filing of suit, 55 days after statute of limitations expired held not to be forthwith); *Barrie v. United States*, 615 F.2d 829 (9th Cir.1980) (service delayed until 62 and 64 days after filing, 29 and 27 days after statute of limitations had run held not to be forthwith); *Owens v. United States*, 541 F.2d 1386 (9th Cir.1976) (held not to be forthwith where service was made 58 days after suit was filed, and 14 days after the limitations period expired).

The Third Circuit, in a recent decision, decided to take the opposite view. *Jones & Laughlin Steel v. Mon River Towing, Inc.*, 772 F.2d 62 (3rd Cir.1985). The *Jones & Laughlin* decision was one of first impression in that Circuit. On January 31, 1982, an empty barge owned by the Mon River Towing Company broke loose, floated down the Monongahela River, and lodged itself in an open gate at the Maxwell Lock and Dam. The dam is owned and operated by the Army Corps of Engineers. Jones & Laughlin Steel, Inc. (J & L) operates a plant on the river that depends upon water transportation. In order to release the barge, the Army Corps of Engineers lowered the river's water level. J & L alleged that the Corps' actions resulted in interruption of its steel production and thereby caused it damage.

J & L notified the Corps of its damages and the Corps submitted a claim form to J & L. J & L completed the form and the Corps denied payment thereon. J & L brought suit on January 18, 1984 against Mon River Towing Company and the United States. A copy of the summons and complaint were served upon Mon River Towing Company and the Corps on January 19, 1984.

On March 15, 1984, the Assistant United States Attorney sent J & L a letter informing J & L that the January 19, 1984 service was defective in that J & L failed to comply with Fed.R.Civ.P. 4(d)(4) and 4(j) which require service of process upon the Attorney General of the United States and appropriate United States Attorney within 120 days of the filing of suit. The letter stated that if such service were not made within 10 days the United States would move to dismiss. J & L effected personal service upon both the Attorney General and upon the United States Attorney no later than March 20, 1984.

The government subsequently changed its position and moved for the district court to dismiss the suit contending that because service of process had not been accomplished in the manner and time prescribed by the SAA that the court lacked subject matter jurisdiction. The district court followed the above discussed and cited authorities of the Second and Ninth Circuits and dismissed the complaint against the United States for lack of subject matter jurisdic-

---

1. The court did not discuss *Ashland v. Ling-Temco-Vought, Inc.*, 711 F.2d 1431 (9th Cir. 1983), wherein the Ninth Circuit agreed with the district court's decision to allow the amended complaint filed therein to relate back to the filing of the original complaint. The district court had dismissed the suit for lack of subject jurisdiction. The plaintiffs then refiled their action alleging jurisdiction under the SAA five days before the statute of limitations was to expire. Service of process was not accomplished until over 100 days later. The district court found, and the Ninth Circuit agreed, that since the plaintiffs were amending their complaint to add a new cause of action, the amended complaints would relate back to the original filing date.

tion. The Third Circuit reversed that decision and concluded that the Suits in Admiralty Act's forthwith service of process requirement was procedural, not jurisdictional in nature. *Jones & Laughlin, supra,* 772 F.2d at 66.

The court stated as follows:

In light of this conclusion, recent developments concerning the Federal Rules of Civil Procedure are relevant to disposition of this case. On February 28, 1966, the Supreme Court adopted rules that unified, generally speaking, admiralty procedure with the Federal Rules of Civil Procedure. *See* Amendments to Rules of Civil Procedure for the United States District Courts, *reported in* 383 U.S. 1029 (1966). Thus Rule 4(d)(4) now governs the method of service of process in admiralty actions, as well as service of process on the United States in all civil cases to which it is a party. Rule 4(j), a recent addition to the rule, *see* Act of Jan. 12, 1983, Pub.L. No. 97–462 § 2, 1982 U.S.Code Cong. & Ad.News (96 Stat.) 2527, 2528, requires that service of the summons and complaint be made 'upon a defendant within 120 days after the filing of the complaint.'

This congressional enactment of a uniform 120-day period for accomplishing service of process must be read in light of 28 U.S.C. § 2072 (1982), which states that '[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.' Rule 4(j) therefore supersedes the Suits in Admiralty Act's requirement of forthwith service. *Cf.* C. Wright & A. Miller, Federal Practice and Procedure § 1106, at 412 (1969) ('Rule 4(d)(4) supersedes prior statutes providing for service in suits against the United States to the extent they are inconsistent with it.'). As noted above, J & L effected service upon the appropriate United States Attorney and the Attorney General well within 120 days of the date on which it filed its complaint.

*Jones & Laughlin, supra,* 772 F.2d at 66. The Third Circuit thus held that Fed.R. Civ.P. 4 governed the service of process in the case.

As it was in the Third Circuit, neither Fifth Circuit nor our sister circuit, the Eleventh Circuit, has addressed this issue. As such, this Court is of the opinion that the more liberal and modern view holding the requirement of forthwith service of process is procedural, and not jurisdictional is the view this Court will adopt.

While the Fifth Circuit has not addressed the issue of forthwith service of process under the SAA, the court has held that the two year limitations period in the SAA is procedural and can be tolled. *McCormick v. United States,* 680 F.2d 345 (5th Cir. 1982). The Fifth Circuit's dictum in *McCormick* has partially swayed this Court to adopt the Third Circuit's holding. The court, after discussing the Supreme Court's reasoning in *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) stated as follows:

This language suggests that limitations provisions in statutes waiving sovereign immunity are designed to serve the same purpose as are ordinary statutes of limitation, the primary purpose being to encourage the prompt presentation of claims. We cannot accept the government's position, and the district court's holding, that the SAA limitations provision can never be tolled. We hold that the two-year limitation on suits under the SAA can be tolled under appropriate circumstances where to do so would not defeat the purpose of the provision, which is to encourage those with claims against the United States to present their claims promptly and diligently, and where injustice to the plaintiff would otherwise result.

*McCormick, supra,* 680 F.2d at 351. The *McCormick* court thus held the SAA statute of limitations as procedural and not jurisdictional.

■ In the case *sub judice,* the plaintiff filed suit on May 3, 1985. The plaintiff served the Attorney General of the United States on May 13, 1985. Proper service under the SAA was accomplished by the

plaintiff on June 24, 1985 when the plaintiff served the United States Attorney with in-hand personal service of the complaint. Fifty-two days elapsed between filing and proper service of the United States Attorney. The Court is of the opinion that forthwith service of process requirement was accomplished for two reasons. Firstly, while the Court is mindful that the personal service requirement of § 742 is not waivable by the United States Attorney and that mere mailing of the complaint and summons to the United States Attorney will not suffice, *Pezzola, supra,* 618 F.Supp. at 548, it is clear via the United States Attorney's letter to plaintiff's counsel that the United States at least had notice, and was properly served, in this Court's opinion, forthwithly. Secondly, as stated earlier herein, this Court will adopt the Third Circuit's view which holds the process requirement as procedural and not jurisdictional. Therefore, since Rule 4 governs the process in this case and since the recently adopted Rule 4(j) supersedes the SAA's methods of service of process, the plaintiff has complied with proper service.

■ As a final matter the Court will discuss the plaintiff's motion to amend their complaint. The proposed amendment differs from the original complaint in that it names the United States of America as the defendant as opposed to the United States Army Corps of Engineers, and adds the SAA as a jurisdictional foundation for the Court. In all other respects the complaint is unchanged.

Federal Rule of Civil Procedure 15(c) provides as follows:

(c) *Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against

him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

The Court will allow the plaintiff's amended complaint in admiralty and allow it to relate back. Firstly, the "claim ... in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading...." *Id.* In fact, the plaintiff's claim has not changed. Only the jurisdictional basis has changed. Furthermore, both Fed.R.Civ.P. 15(c)(1) and (2) have been satisfied. *See Ashland, supra,* 711 F.2d at 1437. There can be no doubt that the government had notice of the suit when they were served by mail on May 11, 1985. Therefore, in spite of the plaintiff's erroneous belief that suing the United States Army Corps of Engineers was proper, Rule 15 allows the amendment to relate back to the original filing date of May 3, 1985.

IT IS THEREFORE ORDERED AND ADJUDGED, that defendant, United States Army Corps of Engineers' motion to dismiss is DENIED and plaintiff, Joe T. Phillips' motion to amend his complaint is GRANTED so that plaintiff may name the United States of America as the sole defendant in this cause and state jurisdiction under the Suits in Admiralty Act, 46 U.S.C. § 741–752, as amended.