Michael LIBBY, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 86–312–CIV–ORL–19.

United States District Court, M.D. Florida, Orlando Division.

April 17, 1987.

Laurence F. Falle, Miami, Fla., Mark S. Peters, Merritt Island, Fla., for plaintiff.

Alan B. Vlcek, Jacksonville, Fla., for defendant.

## ORDER

FAWSETT, District Judge.

This case is before the Court on Defendant's Motion to Dismiss, filed June 23, 1986 (Doc. No. 4). A Memorandum of Law in Opposition was filed by Plaintiff on July 21, 1986 (Doc. No. 10).

Defendant has moved to dismiss this suit against the United States in admiralty because of Plaintiff's failure to comply with Title 46 U.S.C. § 742. That statute states, in pertinent part:

"In cases where if such vessel were privately owned or operated, or if such cargo were privately owned or possessed, or if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States ... The libelant shall forthwith serve a copy of his libel on the United States Attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States, and shall file a sworn return of such service and mailing. Such service, and mailing shall constitute valid service on the United States ..."

In the instant case, twenty-one days elapsed between the filing of Plaintiff's Complaint and service on the Attorney General of the United States; the United States Attorney for the Middle District of Florida was served three days later. Defendant argues that this service was not "forthwith" as required by 46 U.S.C. § 742 and therefore this action must be dismissed. In this case, it appears that a dismissal would forever bar Plaintiff's claim, as the Complaint was filed one day before the two year statute of limitations was to run.[1]

In support of its argument, Defendant cites cases from the Second and Ninth Circuit Courts of Appeals which hold that failure to serve process "forthwith" is a jurisdictional bar to the maintenance of a suit under the Suits in Admiralty Act and the Public Vessels Act. A recent case from the Southern District of Florida, *Halperin v. United States*, 610 F.Supp. 8 (S.D.Fla.1985), has followed the precedents of the Second and Ninth Circuits.

However, after *Halperin, supra*, was decided, the Third Circuit Court of Appeals decided the case of *Jones and Laughlin Steel v. Mon River Towing, Inc.*, 772 F.2d 62 (3d Cir.1985). There, the court held that forthwith service was a procedural, rather than jurisdictional requirement, and that under Title 28 U.S.C. § 2072 (1982)[2], Federal Rule of Civil Procedure 4(j) (1983)[3] would supersede the procedural requirement of the Suits in Admiralty Act. *Jones and Laughlin, supra*, at 66. In *Phillips v. United States Army Corps of Engineers*, 629 F.Supp. 967 (S.D.Miss.1986), the court noted a lack of precedent in the Fifth and Eleventh Circuits and specifically adopted the Third Circuit's holding that "forthwith service" was a procedural requirement superseded by Rule 4(j). *Id.* at 971–72. This Court is inclined to follow this holding.

A review of the language of 46 U.S.C. § 742, the Congressional Record surrounding its passage, and the opinions of the Second and Ninth Circuits reveals no firm basis for believing that the Congress intended lack of "forthwith service" to act as a jurisdictional bar. *See, e.g.,* Judge Friendly's reluctant concurrence in *Battaglia v. United States*, 303 F.2d 683, 686–87 (2d Cir.1962), *cert. dismissed*, 371 U.S. 907 83 S.Ct. 210, 9 L.Ed.2d 168 (1962). Further, if section 742 is read in conjunction with section 743, it becomes clear that Congress intended that "[s]uch suits shall proceed and shall be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties." Title 46 U.S.C. § 743 (1981). Therefore, this Court adopts the holding of the Third Circuit in *Jones and Laughlin, supra*, that forthwith service under 46 U.S.C. § 742 is a procedural requirement superseded by Federal Rule of Civil Procedure 4(j).

Adoption of this holding avoids the unnecessary delay and expense of litigation in cases of this type over whether a certain number of days is "forthwith" within the meaning of 46 U.S.C. § 742. The policies of deciding cases on their merits and fos-

---

1. The Plaintiff initially filed suit against RCA Corporation, which operated the vessel owned by the United States (*See* Case No. 85–1249–Civ–Orl–18).

2. Title 28 U.S.C. § 2072 states that "[all] laws in conflict with [the Federal Rules of Civil Proce-

dure] shall be of no further force or effect after such rules have taken effect."

3. Rule 4(j) requires service within 120 days after the filing of a complaint.

tering judicial economy are better served by the definitive 120 day time limit established by Rule 4(j). This is especially true where the "forthwith" requirement can be circumvented by the granting of leave to amend under Federal Rule of Civil Procedure 15(a) and subsequent "forthwith service" of the amended complaint which may then relate back in time to the filing of the original complaint under Rule 15(c).[4] *See Ashland v. Ling-Temco-Vought, Inc.,* 711 F.2d 1431, 1436–37 (9th Cir.1983).

In *Amella v. United States, supra,* 732 F.2d at 712, the Ninth Circuit warned that "[l]awyers unfamiliar with the ways of admiralty or careless on their watch will encounter this statute as a hidden reef that can be a jurisdictional bar to an otherwise meritorious suit." In light of the analysis above, this Court can see no reason to judicially maintain this trap for the unwary.

Even if this Court were to follow the Second and Ninth Circuit's holdings, however, it would appear that Plaintiff's service was "forthwith." Black's Law Dictionary defines "forthwith" as being "within a reasonable time under the circumstances of the case; promptly and with reasonable dispatch ... Within such time as to permit that which is to be done, to be done lawfully and according to the practical and ordinary course of things to be performed or accomplished. The first opportunity offered." *Black's Law Dictionary,* 588 (5th ed. 1979); *see also In Re Lane,* 37 B.R. 410, 412 (Bkrtcy.E.D.Va.1984). In *Gajewski v. United States,* 540 F.Supp. 381 (S.D. N.Y.1982), a delay of eighteen days was held to be "reasonable and within the meaning of 'forthwith.'" *Id.* at 384.

In contrast, the cases cited by Defendant hold that delays ranging from sixty days to several years do not constitute "forthwith service." *City of New York v. McAllister Brothers, Inc.,* 278 F.2d 708 (2d Cir.1960); *California Casualty Indemnity Exchange v. United States,* 74 F.Supp. 404 (S.D.Cal. 1947); *Marich v. United States,* 84 F.Supp.

829 (N.D.Cal.1949); *Glover v. United States,* 109 F.Supp. 701 (S.D.N.Y.1952); *Battaglia v. United States, supra; Barrie v. United States,* 615 F.2d 829 (9th Cir. 1980); *Kenyon v. United States,* 676 F.2d 1229 (9th Cir.1982); *Amella v. United States, supra; Halperin v. United States, supra.*

 In this case, it has not been shown that a delay of 24 days was unreasonable. Further, even if Rule 4(j) does not supersede 46 U.S.C. § 742, reading the two in conjunction would seem to establish 120 days as an outside limit against which to judge the timeliness of service. *See United States v. Bradley,* 428 F.2d 1013 (5th Cir.1970).

Therefore, this Court holds that the timeliness of service in this case was reasonable and therefore "forthwith."

Accordingly, it is ORDERED THAT:

Defendant's Motion to Dismiss is hereby DENIED.

---

**4.** In this situation Rule 15 appears to reward the poorer pleader. Compare *Amella v. United States,* 732 F.2d 711, 713–14 (9th Cir.1984) with

*Ashland v. Ling-Temco-Vought, Inc., infra,* 711 F.2d at 1436–37.